Philip W. Bur, III and Barbara M. Bur, his wife; Eric Kozbial and Martha Kozbial, his wife; Odus Lundry and Emily Lundry, his wife; Albert Way, Sr. and Katherine Way, his wife; Frank Cotagnus and Marie Cotagnus, his wife; Clarence Lepley and Marie Lepley, his wife *v.* Horsham Township Board of Supervisors, Ronald Mintz, Arthur Poley and Joan Poley.

Philip W. Bur, III and Barbara M. Bur, his wife; Eric Kozbial and Martha Kozbial, his wife; Odus Lundry and Emily Lundry, his wife; Albert Way, Sr. and Katherine Way, his wife; Frank Cotagnus and Marie Cotagnus, his wife; Clarence Lepley and Marie Lepley, his wife, Appellants.

Submitted on briefs, June 12, 1975, to President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

142

*Anthony J. Guerrelli,* for appellants.

*Morris Gerber, Marc D. Jonas,* and *Berber, Davenport & Wilenzik,* for appellees.

OPINION BY JUDGE BLATT, December 2, 1975:

The sole issue raised in this appeal is the constitutionality of Section 1008(4) of the Pennsylvania Municipalities Planning Code,[1] 53 P. S. §11008(4) (MPC), which provides that a landowner, whose use or development of land is under attack in a zoning appeal, may petition the Court of Common Pleas to order the appellants to post bond as a condition to proceeding with the appeal.

On September 16, 1974 the Horsham Township Board of Supervisors (Township) enacted an ordinance which changed the zoning classifications of approximately 178

---

1. Act of July 31, 1968, P. L. 805, *as amended* by the Act of June 1, 1972, P. L. 333.

acres of land owned by Arthur Poley, Joan Poley and Ronald Mintz (landowners) who were seeking to develop the land pursuant to the new classification. The appellants, all of whom own parcels of land abutting the land rezoned by the Township, have appealed to the Court of Common Pleas of Montgomery County alleging that the zoning enactment was procedurally defective. Prior to consideration of the merits of the appeal, the landowners intervened and filed a petition requesting the court to order the appellants to post a bond pursuant to Section 1008(4) of the MPC. A hearing was held at which the appellants offered no testimony and the landowner petitioners presented evidence of the financial loss that they would most likely suffer as a result of delays incurred because of the appeals. Then on January 15, 1975, Judge VOGEL of the court below ordered the landowners to post "[t]he following amounts of security either in cash, appropriate security by real estate in Montgomery County or by bond with surety:

    1) $12,000.00 by January 24, 1975;

    2) An additional $23,500.00 by February 24, 1975;

    3) An additional $23,500.00 the 24th day of each month thereafter, commencing March 24, 1975."

On January 28, 1975 upon failure of the appellants to post the required security Judge VOGEL dismissed the appellants' appeal. The appellants then appealed to this Court.

We are now confronted with substantially the same issue that confronted this Court in *Driscoll v. Plymouth Township*, 13 Pa. Commonwealth Ct. 404, 320 A.2d 444 (1974). In *Driscoll*, Section 916 of the MPC, 53 P. S. §10916, which for all essential purposes is identical to the section now under attack, was challenged upon the premise that an individual has a constitutional right to a hearing prior to any adjudication of his property rights and that this right is infringed upon by the imposition of the requirement for posting a bond as a condition to

receiving a hearing. The appellants, there, cited several criminal decisions and *Boddie v. Connecticut,* 401 U. S. 371 (1971) a civil case in which filing fees in divorce actions were ruled to deprive indigents the due process of the law in their pursuit of *fundamental* rights surrounding the marriage relationship. Basically, the same arguments are presented by the appellants here and thus we are asked to reconsider our position in *Driscoll.*

Although this Court holds divided views as to the issues raised in *Driscoll*[2] we are not inclined to review that decision here because we find it necessary to dismiss the instant appeal on other grounds. It appears that the issue of constitutionality under Section 1008(4) of the MPC was not raised below and the appellants, therefore, are precluded from raising it for the first time in this appeal. *Orleans v. Melrose Park Improvement Association,* 19 Pa. Commonwealth Ct. 185, 335 A.2d 851 (1975). Their appeal from the order of the court below is, therefore, dismissed.

---

2. See the dissenting opinion by Judge ROGERS in *Driscoll* in which President Judge BOWMAN and Judge BLATT joined.