Barton E. Schlegel and Lucille J. Schlegel, his wife, and John C. Yastrzab and Caroline Yastrzab, his wife, Appellants *v.* Zoning Hearing Board of the Borough of Northampton and Market Operators, Inc., Appellees. (2 cases)

Argued March 1, 1976, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., and Blatt. Judges Mencer and Rogers did not participate.

*Martin Cohen,* with him *Robert M. Davison,* for appellants.

*Robert C. McFadden,* for appellee.

OPINION BY JUDGE WILKINSON, March 31, 1976:

On September 26, 1974, the appellee zoning hearing board granted appellee corporation a variance to permit a change from one nonconforming use to another, thereby allowing the construction and operation of a retail food supermarket. Appellants, neighboring landowners, appealed that decision to the Court of Common Pleas of Northampton County on October 16, 1974. However, pursuant to Section 1008 (4) of the Pennsylvania Municipalities Planning Code (Code), Act of July 31, 1968, P. L. 805, *as amended,* 53 P. S. §11008 (4), appellee corporation petitioned the court to enter an order directing appellants to post a bond as a condition to proceeding with the appeal. A hearing was held on April 25, 1975, at which the only evidence presented was that by appellee corporation regarding the damages it would incur as a result of the litigation. The same day the court entered an order directing appellants to post a bond in the amount of $100,000.00 within 15 days of service of the order or else suffer dismissal of the appeal. On May 7, 1975, appellants, alleging that a $100,000.00 bond was without their financial means, petitioned the court to

take additional testimony regarding the availability of the bond to appellants and to amend the bond order of April 25, 1975, accordingly. The court entered an order the same day denying the petition.

Appellants have now appealed to this Court from both the order of April 25, 1975, and the order of May 7, 1975, challenging the constitutionality of Section 1008 (4) and the discretion of the lower court in ordering the posting of the bond. The two appeals have been consolidated here for our determination.

As their first line of argument, appellants constitutionally attack Section 1008 (4) on three grounds. Section 1008 (4) provides:

"The filing of an appeal in court under this section, shall not stay the action appealed from but the appellants may petition the court having jurisdiction of zoning appeals for a stay. If the appellants are persons who are seeking to prevent a use or development of the land of another, whether or not a stay is sought by them, the landowner whose use or development is in question may petition the court to order the appellants to post bond as a condition to proceeding with the appeal. The question whether or not such petition should be granted and the amount of the bond shall be within the sound discretion of the court."

First, appellants assert that the bond provisions of Section 1008 (4) violate equal protection of the laws as guaranteed by the Fourteenth Amendment to the Constitution of the United States by separating prospective appellants into those who can and those who cannot afford to post bond, *i.e.*, discrimination on the basis of wealth. Second, appellants assert that the provisions violate due process of the law as guaranteed by the Fourteenth Amendment by denying to would-be appellants who cannot afford to post bond a right to be heard on appeal. We cannot agree.

In a prior case, *Driscoll v. Plymouth Township*, 13 Pa. Commonwealth Ct. 404, 320 A.2d 444 (1974),[1] we passed upon the constitutionality of similar bond provisions in Section 916 of the Code, 53 P.S. §10916.[2] We there found that "the right of an individual to appeal from the issuance of a building permit to the owner of a neighboring property is not an exclusive precondition to the adjustment of a fundamental human relationship . . ." which is constitutionally protected, 13 Pa. Commonwealth Ct. at 410, 320 A.2d at 447-48; that the "bond requirement serves the purpose of providing financial protection for the victorious landowner who might sustain pecuniary loss as a result of lengthy litigation while at the same time screening frivolous appeals . . .", 13 Pa. Commonwealth Ct. at 410-11, 320 A.2d at 448; that "the State has an interest in pursuing both of the above objectives," 13 Pa. Commonwealth Ct. at 411, 320 A.2d at 448; and that the bond provisions are "rational means to effectuate the above interests. . . ." *Id.* Accordingly, we held that the bond requirement in Section 916 did not violate the equal protection or due process clauses of the Fourteenth Amendment. Since the provisions in Section 1008(4) are for all essential purposes identical to those in Section

---

1. A petition for allocatur to the Supreme Court of Pennsylvania was denied per curiam (No. 1515 Allocatur Docket, filed September 24, 1974).

2. Section 916 provides, in relevant part:

"When an application for development, preliminary or final, has been duly approved and proceedings designed to reverse or limit the approval are filed with the [zoning hearing] board by persons other than the applicant, the applicant may petition the court having jurisdiction of zoning appeals to order such persons to post bond as a condition to continuing the proceedings before the board. The question whether or not such petition should be granted and the amount of the bond shall be within the sound discretion of the court."

916,[3] our conclusions in *Driscoll* are equally applicable here and adequately dispose of appellants' first and second constitutional attacks without the need for further discussion.[4]

Third, appellants assert that Section 1008(4) is unconstitutionally vague in that it fails to set forth any guidelines or standards by which the court can decide whether a bond should be granted. This assertion is without merit. The purpose of Section 1008(4), as stated above and as admitted by appellants, is to provide financial protection to a landowner successful in prior proceedings from pecuniary loss occasioned by delay attendant the appeal. Given this purpose, the court is furnished a sufficient standard, *i.e.*, whether the landowner will sustain damages which can be reasonably anticipated as a result of the delay.

Even if Section 1008(4) is constitutionally sound, appellants, as their second line of argument, raise two challenges to the lower court's exercise of its discretion in ordering the posting of the bond. First, appellants contend that the court below abused its discretion in failing to consider (a) the financial ability of appellants to

3. We recognize this identity in *Bur v. Horsham Township Board of Supervisors*, 22 Pa. Commonwealth Ct. 141, 348 A.2d 156 (1975).

4. We note, however, appellants' contention that we are required to scrutinize Section 1008(4) using a "compelling state interest" test, since that section discriminates on the basis of wealth, a constitutionally "suspect" classification. We reject this contention. Only when it has denied the exercise of some fundamental right, such as the right to vote, *Harper v. Virginia State Board of Elections*, 383 U.S. 663 (1966), or the right to travel, *Edwards v. California*, 314 U.S. 160, 177 (1941) (DOUGLAS, J.; concurring), has wealth been treated as a "suspect" criterion. *See San Antonio Independent School District v. Rodriguez*, 411 U. S. 1 (1973). Since no fundamental right is present in this case, we do not consider the wealth discrimination by Section 1008(4) as "suspect" and, therefore, utilize a "rational relationship" test.

obtain a bond, and (b) the merits of the appeal. We are not so persuaded.

Since the purpose of the bond is the financial protection of the landowner from delay damages caused by the appeal, the financial ability of appellants to obtain a bond is not a relevant consideration. We so held in *Driscoll, supra,* and adopt that conclusion here. We also held in *Driscoll* that the merits of the appeal are similarly irrelevant. However, we need not reach that conclusion presently since appellants did not attempt to introduce any evidence whatsoever concerning the merits at the bond hearing or to petition the court for a rehearing to consider such evidence. Therefore, that issue is not properly before this Court and need not be decided.

Second, appellants contend that the lower court abused its discretion in setting the bond in an amount not supported by the evidence. We disagree. Through the testimony of the vice-president of appellee corporation, evidence was presented at the bond hearing covering a variety of loss items, including $140,000.00 in anticipated annual net profits from the operation of the new food store. That figure was based upon projected gross revenues of $7,000,000.00 at a current return rate of 2% enjoyed by appellee corporation's other stores. We find that this evidence alone is sufficient to support the amount of the bond.[5]

Accordingly, the order of April 25, 1975, and the order of May 7, 1975, are hereby affirmed and this matter is remanded to the Court of Common Pleas of Northampton County to afford appellants a reasonable opportunity

---

5. In so finding, we recognize that the vice-president, as emphasized by appellants, admitted on cross-examination that the rate of return from the other stores from the previous year was effectively 0.8%, thus apparently indicating anticipated net profits of $56,000.00, not $140,000.00. However, the vice-president explained that the 0.8% figure was due to a store, no longer owned by appellee corporation, which lost $150,000.00.

to post bond in accordance with the order of April 25, 1975.

CONCURRING OPINION BY JUDGE BLATT:

While I concur in the result reached by the majority in this case, I reiterate my position, which was previously expressed by Judge ROGERS' dissent in *Driscoll v. Plymouth Township*, 13 Pa. Commonwealth Ct. 404, 320 A.2d 444 (1974), that the merits of a zoning appeal should be considered by the court below in a proceeding to fix the amount of the bond which the court may in its discretion order an aggrieved citizen to post before he may further proceed with the appeal. Because the appellants did not attempt to introduce such evidence here, however, the issue need not be reached. *Orleans v. The Melrose Park Improvement Association*, 18 Pa. Commonwealth Ct. 185, 335 A.2d 851 (1975).