## Frankhouser v. Harding

No appearance, for petitioner.
No appearance, contra.

COFFROTH, *P. J.*, January 25, 1977—The question in this case is whether we should grant an application to proceed in forma pauperis by filing a replevin action without prepayment of costs.

Petitioner is Robert Frankhouser, plaintiff in the above entitled civil action and defendant in the above entitled criminal action, hereinafter called petitioner, who is incarcerated in the State Correctional Institution at Huntingdon, Pa. on a sentence from another court. John F. Harding, respondent and defendant in the above entitled civil action, hereinafter called respondent, is a Pennsylvania state police officer of the Somerset County detail. Petitioner has filed a petition for leave to proceed in form pauperis by filing an action in replevin without prepayment costs, in order to obtain possession of certain listed personal property allegedly seized from him by respondent under illegal search warrants. The petition is accompanied by: (1) A Writ of Replevin listing the property claimed, and (2) A Declaration in Replevin listing the property claimed and claiming damages of $7,430; and (3) Attached to the court's copy of said documents is a copy of the two search warrants issued in this county, receipts and inventories of property seized under the warrants, and correspondence relative to the criminal proceedings in Mifflin County, in connection with which the warrants were issued and executed and indicating that a suppression application was granted by the Mifflin County Court (Ziegler, P. J.).

In Pennsylvania, the fees to be charged by the prothonotary of this class county (6th Class) in civil actions are specified in the Act of August 26, 1965, P.L. 388, as amended, 17 P.S. §1593.1 et

seq. Section 2(b) thereof, 17 P.S. §1593.3(b), provides as follows:

"The prothonotary shall not be required to enter on docket any suit or action or order of court or enter any judgment thereon or perform any services whatsoever for any person, political subdivision or the Commonwealth until the requisite fee is paid." In substance, we are asked in this case to set aside this statutory mandate on the ground of petitioner's indigency. Questions at once arise whether a court may, or must, or should do so.

There is a conflict of authority upon the question whether a court has inherent power to allow to indigents access to the civil courts without payment or prepayment of costs, or whether in forma pauperis relief is dependent upon statute. See 20 C.J.S. 386, §147. In Pennsylvania, the courts have discretionary authority to grant such relief, based upon statutes of Henry VII and Henry VIII which are part of the common law of Pennsylvania: Madden v. City of York, 59 D.&C. 2d 367 (1972); 15 Standard Pa. Pract. (revised 1965), 681, §125; accord, O'Connor v. Matzdorff, 76 Wash. 2d 589, 458 P.2d 154 (Wash. 1969).

In some types of civil case, a *right* of an indigent to proceed in forma pauperis has been recognized, in others rejected. Thus, there must be free access to the divorce court as a matter of due process: Boddie v. Connecticut, 401 U.S. 371, 28 L. Ed. 2d 113 (1971); Schoepple v. Schoepple, 239 Pa. Superior Ct. 559, 361 A.2d 665 (1976); Whitehead v. Whitehead, 224 Pa. Superior Ct. 303, 307 A.2d 371 (1973); Pa. R.C.P. 1137. Filing fees required to place names on a primary election ballot have been stricken down as a denial of equal protection:

Lubin v. Panish, 415 U.S. 709, 39 L. Ed. 2d 702 (1974). On the other hand, excuse from filing fees or bond was refused to indigents in the following cases: U.S. v. Kras, 409 U.S. 434, 34 L. Ed. 2d 626 (1973), filing fee in voluntary bankruptcy; Ortwein v. Schwab, 410 U.S. 656, 35 L. Ed. 2d 572 (1973), fee for appealing denial of old-age assistance and welfare; Driscoll v. Plymouth Township, 13 Pa. Commonwealth Ct. 404, 320 A.2 444 (1974) and Bur v. Horsham Township, 22 Pa. Commonwealth Ct. 141, 348 A.2d 156 (1975), bond for zoning appeal.

There are a number of statutes and Supreme Court rules providing for proceedings in forma pauperis, but none applies in this case. Accordingly, there is neither statute nor case law which guarantees this petitioner, although indigent, the right to file a civil replevin action without compliance with the prothonotary's demand that the statutory costs be advanced.

In considering this petition, we note that petitioner is a voluntary rather than an unwilling litigant. As pointed out in Driscoll v. Plymouth Township, supra, 408: " . . . when an individual is forced into judicial proceedings, he should not be prejudiced because he cannot afford to pay a fee which is necessary for an adequate defense. We find that this rationale is not present in a civil suit such as the one now before us in which the complaining parties are voluntary litigants." But it must be acknowledged that the divorce plaintiffs in Boddie v. Connecticut, supra, and its progeny, were also voluntary litigants, yet were excused from cost payment. They were forced into litigation only in the sense that they could not otherwise obtain relief in respect of the marriage which the

court stressed was a "fundamental human relationship." In U.S. v. Kras, supra, the court refused to excuse the bankruptcy filing fee, and distinguished Boddie on the grounds that the individual's interest in obtaining a discharge in bankruptcy did not rise to the same constitutional level as a married person's interest in dissolving a marriage, and that bankruptcy was not the only method available for adjustment of debts whereas the divorce court is the only forum for dissolving marriage. Similar considerations were operative in Driscoll v. Plymouth Township, supra.

In this case, there is another remedy available to petitioner to recover his property, if not to recover damages, and therefore under the decisions this case does not qualify for granting relief in forma pauperis as a matter of right. Consequently, we need not decide whether the right to divorce is more fundamental than the right to recover one's property, although we are inclined to think that the founding fathers would not have thought so.

Since this property is alleged to be in the possession of the police as a result of seizure under invalid search warrants, the alternative remedy is under Pa. R. Crim. P. 324, which provides as follows:

"(a) A person aggrieved by a search and seizure, whether or not executed pursuant to a warrant, may move for the return of the property on the ground that he is entitled to lawful possession thereof. Such motion shall be filed in the Court of Common Pleas for the judicial district in which the property was seized.

"(b) The judge hearing such motion shall receive evidence on any issue of fact necessary to the decision thereon. If the motion is granted, the

property shall be restored unless the court determines that such property is contraband, in which case the court may order the property to be forfeited."

The search warrants in this case were issued and the property was seized in this county. An application for return of the property under Pa. R. Crim. P. 324 is and will be incidental to that criminal proceeding, which forced petitioner into litigation in this county. He is entitled to litigate the issue of his right to possession of the property under Rule 324 without advance payment of costs, and without ultimate liability for costs if he is indigent. Accordingly, we will relegate him to that forum.

## ORDER

Now, January 25, 1977, the application of Robert Frankhouser for leave to proceed in forma pauperis in an action of replevin without payment of advance costs is denied.

A copy of the application and of the attached replevin pleadings shall be filed in the office of the clerk of courts, captioned to the criminal docket number above assigned to this case, which shall serve as an application for return of property under Pa. R. Crim. P. 324. The Commonwealth is directed to answer the application within ten days, following which the case will be scheduled for hearing and argument sec. reg.

The prothonotary shall mail a copy of this opinion and order to petitioner and to respondent, without cost, and the clerk of courts shall furnish a copy thereof to the district attorney.