In re: Application of James J. DeLuca before the Zoning Hearing Board of West Goshen Township, Chester County, Pennsylvania. West Goshen Township, A Second Class Township in the County of Chester, William J. Twohig and The Chatwood Civic Association, Appellants.

Submitted on briefs, October 6, 1977, to Judges ROGERS and BLATT, sitting as a panel of two.

C. *Barry Buckley; Ronald C. Nagle; Buckley, Nagle & McQuiddy;* and *W. Robert Landis,* for appellants.

*Lawrence E. Wood* and *Wood, Parke & Barnes,* for appellee.

OPINION BY JUDGE BLATT, December 27, 1977:

West Goshen Township, the Chatwood Civic Association, and the association's president, William J. Twohig (appellants), have appealed from an order of the Court of Common Pleas of Chester County which required them to post a bond pursuant to Section 1008 (4) of the Pennsylvania Municipalities Planning Code[1] (MPC), 53 P.S. §11008(4).

The Zoning Hearing Board of West Goshen Township (Board) granted James J. DeLuca (DeLuca) a special exception to enable him to construct apartments on a tract of land within the township. West Goshen Township appealed from the grant of this special exception to the court of common pleas, and the Chatwood Civic Association and its president were permitted to intervene. The lower court remanded the record to the Board for the taking of additional evidence, and DeLuca then petitioned the Court to require the appellants to post a bond. After a full hearing on the issue of whether or not this petition should be granted, the court ordered the appellants to post a bond in the sum of $10,000 within thirty days of July 29, 1976, the date of the court order, and to post an additional $10,000 each month until final dispo-

---

[1] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10101 et seq.

sition of the appeal concerning the issuance of the special exception. Only the court order requiring the posting of the bond has been appealed to us at this time.

The procedure for the posting of a bond as a condition to proceeding with a zoning appeal which has been taken to a court is described in Section 1008(4) of the MPC, 53 P.S. §11008(4):

(4) The filing of an appeal in court under this section, shall not stay the action appealed from but the appellants may petition the court having jurisdiction of zoning appeals for a stay. If the appellants are persons who are seeking to prevent a use or development of the land of another, whether or not a stay is sought by them, the landowner whose use or development is in question may petition the court to order the appellants to post bond as a condition to proceeding with the appeal. The question whether or not such petition should be granted and the amount of the bond shall be within the sound discretion of the court.

The appellants contend that the lower court abused its discretion in imposing *any* bond requirement because, whether or not they had appealed, DeLuca would still be delayed in his development as a result of a separate suit for rescission of the sale of the land on which he proposes to build the apartments. Thus, they argue, their appeal would not be the cause of his being delayed.

Section 1008(4) of the MPC clearly provides, of course, that the landowner may petition the court to order the posting of a bond "whether or not a stay is sought" by the appellants and that a bond may be required in situations in which the landowner has been legally constrained from commencing construction as well as in situations in which the landowner is free

to begin construction but chooses not to do so because of the risk of financial loss in the event that the appellants are ultimately successful.[2]  As a result, an inquiry into any other *reasons* why DeLuca may be delayed in his land development, *i.e.*, because of the appeal taken from the grant of the special exception or because of the separate suit for rescission, is beyond the scope of the court's inquiry at the bond hearing, at which time it is merely the court's duty to determine whether or not security should be required of the appellants and to fix the amount of damages which can be reasonably anticipated if it should be shown later that the landowner has suffered a pecuniary loss as a result of the delay occasioned by the appeal.[3]  We do not believe that the lower court abused its discretion here in requiring the appellants to post a bond.[4]

The appellants also argue that the lower court lacked statutory authority to order a township to post bond because such a financial burden would frustrate

---

[2] The language of Section 1008(4) of the MPC is different from the language of Section 916, 53 P.S. §10916, which concerns the posting of a bond as a condition to an appeal to the zoning hearing board.  Section 916 provides that an appeal to the zoning hearing board automatically stays all official action unless the board finds that such a stay would cause imminent peril to life or property. *See Mont-Bux, Inc. v. McKinstry*, 27 Pa. Commonwealth Ct. 194, 365 A.2d 1329 (1976).

[3] We do not comment on whether or not the court below has the duty or the power to consider the merits of the zoning appeal at the bond hearing because the propriety of such an inquiry has not been raised here.  This Court holds divided views on this issue. *See, e.g., Schlegel v. Zoning Hearing Board of the Borough of Northampton*, 24 Pa. Commonwealth Ct. 183, 354 A.2d 596 (1976) ; *Driscoll v. Plymouth Township*, 13 Pa. Commonwealth Ct. 404, 320 A.2d 444 (1974).

[4] The appellants have not challenged the amount of the bond ordered by the lower court, and it is unnecessary, therefore, to examine the reasonableness of the amount.

190

the township's duty to regulate land use according to the scheme provided by its zoning ordinance. While admitting that this issue was not raised in the lower court, the appellants seek to have us rule on it because it is a matter of public policy and one of concern to the taxpayers of the township. We are unpersuaded, however, that we should depart from Pa. R.A.P. 302(a) which provides that issues not raised in the lower court are waived and cannot be raised for the first time on appeal. *See also Bur v. Horsham Township Board of Supervisors*, 22 Pa. Commonwealth Ct. 141, 348 A.2d 156 (1975).

We have found no merit in the appellants' arguments, and we will, therefore, dismiss their appeal and affirm the lower court's order requiring them to post security.

### ORDER

AND Now, this 27th day of December, 1977, the order of the Court of Common Pleas of Chester County is hereby affirmed.