Sto-Rox Focus on Renewal Neighborhood Corporation, a non-profit corporation, Appellant *v.* Nellie King, Marie Handlow, Audrey Yanke and Mildred Finnegan, Appellees.

Argued October 30, 1978, before Judges CRUMLISH, JR., MENCER and CRAIG, sitting as a panel of three.

*Paul H. Titus,* with him *Thomas M. Kerr, Jon Hogue,* and *Kaufman & Harris,* for appellant.

*Samuel J. Pasquarelli,* with him *Jubelirer, Pass & Intrieri,* for appellees.

Opinion by Judge Mencer, March 1, 1979:

Nellie King, Marie Handlow, Audrey Yanke, and Mildred Finnegan (plaintiffs), members of the non-profit corporation known as Sto-Rox Focus on Renewal Neighborhood Corporation (defendant),[1] filed a petition for the inspection of documents of the defendant corporation in the Civil Division of the Court of Common Pleas of Allegheny County on July 5, 1977, pursuant to Section 7508 of the Nonprofit Corporation Law of 1972, 15 Pa. C.S. §7508. A rule to show cause why the petition should not be granted issued on that date, and a hearing was scheduled for August 8, 1977. Because defendant had commenced proceedings to remove the plaintiffs from membership, plaintiffs filed a petition on July 8, 1977 to set aside the attempted expulsion, pursuant to 15 Pa. C.S. §§7781 and 7783. A rule issued on the second petition, and the hearing was also set for August 8. Following the hearing, the Court ordered that defendant's expulsion of plaintiffs be set aside and that defendant make its corporate records available to plaintiffs. This appeal followed. We affirm.

Defendant argues that the order of the lower court should be vacated and the case remanded, with instruction that it be transferred to the Orphans' Court Division of the Court of Common Pleas because the action allegedly should have been commenced in the Orphans' Court Division, pursuant to Pa. R.J.A. No. 2156(1). This issue, however, was not raised below. Since the proper selection of a division within the court of common pleas is not a jurisdictional question, *Binder v. Miller*, 456 Pa. 11, 317 A.2d 304 (1974),[2] and since the issue was not raised below as it must be to be considered on appeal, Pa. R.A.P. 302(a); *In re: Application of DeLuca*, 33 Pa. Commonwealth Ct.

---

[1] Defendant corporation is basically a social service agency.

[2] *See also Posner v. Sheridan*, 451 Pa. 51, 299 A.2d 309 (1973).

186, 381 A.2d 208 (1977), we may not vacate the order and remand.

Defendant also argues that the case before us is moot, since plaintiffs have failed to retain their membership by allegedly not paying their dues for 1978 and since membership is a requirement for inspection of corporate records pursuant to 15 Pa. C.S. §7508. We disagree. Plaintiffs were expelled by corporate action, the validity of which is a subject of this proceeding. There is nothing of record showing that plaintiffs' membership was restored and that subsequently plaintiffs failed to pay dues. There is nothing to indicate that plaintiffs cannot or will not be reinstated by court order setting aside the corporate expulsion, and therefore we believe there exists a case and controversy capable of judicial resolution.

Defendant contends that the trial judge erred in finding that plaintiffs met their burden of proving that they sought to inspect corporate records for a "proper purpose," as required by 15 Pa. C.S. §7508. "Proper purpose" is defined in 15 Pa. C.S. §7508(b) as "a purpose reasonably related to the interest of such person as a member." Plaintiffs Handlow and Yanke testified that their reasons for inspection were to determine whether the membership lists were correct, to determine whether there were any financial irregularities, to determine whether voting at meetings was properly conducted, and to learn about corporate salaries, property, and income. Plaintiffs suspected mismanagement, based upon reports of certain corporate activity; *e.g.,* it was reported that county officials requested and were refused certain corporate financial information. Inspection of corporate records to determine whether a corporation is managed properly is a reasonable purpose. *Cf. Hagy v. Premier Manufacturing Corp.,* 404 Pa. 330, 172 A.2d 283 (1961) (the Supreme Court stated that, as a general rule, ap-

parent mismanagement or misconduct by corporate officials provides a sufficient, proper, and reasonable purpose for inspecting corporate records, pursuant to Section 308 of the Business Corporation Law, Act of May 5, 1933, P.L. 364, *as amended*, 15 P.S. §1308).

Defendant maintains, however, that plaintiffs really desired to harm or destroy the corporation. Undisputed evidence indicated that plaintiffs, as individuals and as part of a loosely formed opposition group, opposed and spoke out against certain corporate policies, leaders, and ways in which business was conducted. Plaintiffs communicated this dissatisfaction to various sources of corporate funding and inquired whether such funds were used properly. There is confusing evidence regarding whether plaintiffs actually intended to have certain funding cut off or merely desired to alert and advocate better supervision of funds when granted. Nevertheless, plaintiffs testified that they desired the continued viable existence of the corporation. Such evidence does not necessarily demonstrate an improper purpose or motivation for seeking to inspect corporate records. *Cf. McClintock v. Young Republicans*, 210 Pa. 115, 59 A. 691 (1904) (the Supreme Court held that a member of an incorporated association was entitled to inspect the membership lists in order to oppose organization policies and the election of incompetent officials and to advocate new directions).

After carefully reviewing the record, we find no error in the trial court's conclusion that plaintiffs established a proper purpose for inspecting the corporate records and defendant failed to show an improper or unreasonable purpose that could tend to harm the corporation.

Further, defendant argues that the trial judge erred in restricting cross-examination of plaintiffs' witness on the issue of proper purpose. It is well

established that the regulation of the scope and extent of cross-examination is within the sound discretion of the trial judge and, absent injury to the party complainant, it is not grounds for reversal. *First National Bank v. Department of Banking*, 7 Pa. Commonwealth Ct. 603, 607, 300 A.2d 823, 825 (1973); 2 G. Henry, *Pennsylvania Evidence* §814 (4th ed. 1953). The record clearly reveals that the trial judge did not unreasonably limit cross-examination into areas of questionable relevance. Defendant moreover was permitted ample opportunity to explore plaintiffs' purpose in seeking to inspect the corporate records.

Finally, defendant argues that, in ordering that plaintiffs be reinstated, the lower court infringed the constitutionally protected freedom of association of members of the corporation. The lower court, however, merely enforced the termination procedures required by 15 Pa. C.S. §7767 and the by-laws of defendant corporation and thereby properly invalidated the corporate action. Whether the statutory requirements contravene constitutional protections was not raised below and therefore will not be considered on appeal. *Richland Township v. Hellerman*, 30 Pa. Commonwealth Ct. 438, 373 A.2d 1367 (1977).

Order affirmed.

ORDER

AND Now, this 1st day of March, 1979, the order of the Court of Common Pleas of Allegheny County, dated September 22, 1977, setting aside and invalidating the expulsion of Nellie King, Marie Handlow, Audrey Yanke, and Mildred Finnegan from membership in Sto-Rox Focus on Renewal Neighborhood Corporation and ordering Sto-Rox Focus on Renewal Neighborhood Corporation to make available to Nellie King, Marie Handlow, Audrey Yanke, and Mildred Finnegan its corporate records in accordance with its by-laws, is affirmed.