In Re: The Appeal of Alfred Schwacke From the Order of the Court of Common Pleas of Washington County, Pa., etc. Alfred Schwacke, Appellant.

Argued December 5, 1979, before Judges CRUMLISH, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*John J. Morgan,* for appellant.

*Milton D. Rosenberg,* of *Rosenberg, Sewark & Pizzi,* with him, *James F. Manley* and *Burns, Manley & Little,* for appellee.

OPINION BY JUDGE ROGERS, January 29, 1980:

Alfred Schwacke has appealed from an order of the Court of Common Pleas of Washington County dismissing his appeal from a decision of the Peters Township Zoning Hearing Board. His appeal was dismissed because he failed to post bond required by the Court to be posted as a condition to proceeding with the appeal pursuant to Section 1008 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11008.

Schwacke poses four questions. The first, that the landowner to whom the Zoning Hearing Board had granted a variance had failed to adduce at the Court hearing concerning the posting of bond sufficient competent evidence of the loss it would sustain by delay during the appeal process, and second, that the requirement of bond was unconstitutionally onerous, denying him due process and equal protection, are fully and ably treated in the opinion of Judge

THOMAS J. TERPUTAC for the Common Pleas Court which we adopt.

The third and fourth questions raised in the appeal, respectively, that of whether the Court erred in failing to review the record of the Zoning Hearing Board proceedings and that of whether the Zoning Hearing Board erred in granting the landowner a variance, are simply not germane to this proceeding decided before Section 1008 was amended by the Act of September 28, 1978, P.L. 785, to require consideration of the merits. *Schlegel v. Northampton Zoning Hearing Board,* 24 Pa. Commonwealth Ct. 183, 354 A.2d 596 (1976).

Order affirmed.

ORDER

AND Now, this 29th day of January, 1980, the order of the Court of Common Pleas of Washington County, dated August 24, 1978, is affirmed.

Judge DiSALLE did not participate in the decision in this case.