## Otto v. Barziloski

*Todd J. O'Malley and Mary O'Malley,* for plaintiff.
*A. Richard Caputo,* for defendants.

WALSH, P. J., October 24, 1986 — This matter is before the court by way of defendants' preliminary objections in the nature of a motion to strike, a demurrer, a petition raising nonjoinder of a necessary party, and a motion for more specific complaint.

On March 19, 1986, plaintiff, Ann Otto, a member of the board of directors of Allied Services for the Handicapped Inc. (a Pennsylvania non-profit corporation) filed a complaint in equity against defendants Robert Barziloski, Henry Fricchione, Paul LaBelle, Peter Adonizio, Edward Notari and Miranda Curcio, all members of the board of directors of Allied Services at all times material to this cause of action. Plaintiff brings this action pursuant to section 7783 of Title 15 of the Pennsylvania Consolidated Statutes (15 Pa.C.S. §7783) to seek nullification of the redress for alleged actions of defendants which have been allegedly taken in disregard of their authority and responsibilities as directors of Allied Services. Plaintiff further avers that the alleged actions of defendants were in dereliction of their fiduciary duties to the non-profit corporation,

and in violation of the rights and status of plaintiff as a director of that corporation. In Counts I, II, III and V-X specifically, plaintiff avers violations of her rights granted to her by virtue of the provisions of 15 Pa.C.S. §7721 (management by board of directors), 15 Pa.C.S. §7705 (b) (notice of meetings of members), 15 Pa.C.S. §7729 (voting rights of directors), 15 Pa.C.S. §7734 (relations of directors and officers to corporation), 15 Pa.C.S. §7728 (interested directors; quorum), 15 Pa.C.S. §7725 (d) (alternate directors), and 15 Pa.C.S. §7546 (income from corporate activities). In the case of a non-profit corporation, the validity of any corporate action may be tested by the provisions of 15 Pa.C.S. §7783 (review of contested corporate action). *Appel v. Indian Mountain Civic Association*, 11 D.&C.3d 448, 449 (Carbon County, 1978). Section 7783 (a) provides:

"(a) General Rule. — Upon petition of any person whose status as, or whose rights or duties as, a member, director, member of another body, officer, or otherwise of a non-profit corporation are or may be affected by any corporate action, the court may hear and determine the validity of such corporate action."

Defendant initially preliminarily objects in the nature of a motion to strike, contending that the complaint should be stricken for the reason that plaintiff has an adequate remedy at law and should have filed her complaint in the orphans' court division per Pa.R.J.A. 2156(1), rather than in equity in the Lackawanna County Common Pleas Court. Rule 2156(1) of the Rules of Judicial Administration, relating to distribution of business within the court of common pleas, orphans' court division, provides in pertinent part:

"Rule 2156. Orphans' Court Division.

"In addition to other matters which by law are to be heard and determined by the orphans' court division of a court of common pleas, the division shall hear and determine the following matters:

"(1) Non-profit Corporations: The administration and proper application of property committed to charitable purposes held or controlled by any domestic or foreign non-profit corporation and all matters arising under Title 15 of the Pennsylvania Consolidated Statutes (relating to corporations and unincorporated associations) or otherwise where is drawn in question the application, interpretation or enforcement of any law regulating the affairs of non-profit corporations holding or controlling any property committed to charitable purposes, or of the members, security holders, directors, officers, employees or agents thereof, as such."

In *STO-ROX Focus Renewal Neighborhood Corporation v. King,* 40 Pa. Commw. 640, 398 A.2d 241 (1979), the Commonwealth Court of Pennsylvania would not consider defendant's argument (not raised in the lower court) that the lower court's adverse order should have been vacated and the case remanded, with instruction that it be transferred to the orphans' court division of the court of common pleas because the action to have plaintiff's expulsion by defendant non-profit corporation set aside should have been commenced in the orphans' court division pursuant to Pa.R.J.A. 2156(1). As this issue was not raised below, the Commonwealth Court stated:

"Since the proper selection of a division within the court of common pleas is not a jurisdictional question, *Binder v. Miller,* 456 Pa. 11, 317 A.2d 304 (1974), and since the issue was not raised below as

it must be to be considered on appeal, Pa.R.A.P. 302 (a); *In re: Application of DeLuca,* 33 Pa. Commw. 186, 381 A.2d 208 (1977), we may not vacate the order and remand." *STO-ROX Focus on Renewal Neighborhood Corporation v. King,* 40 Pa. Commw. 640, 642-43, 398, A.2d 241, 242-43.

Therefore, defendants have properly and timely raised its objection to plaintiff's filing its complaint in equity rather than filing with the orphans' court division pursuant to Pa.R.J.A. 2156 (1).

Further, the court agrees with defendants' contention that plaintiff has an adequate remedy provided by Pa.R.J.A. 2156 (1), and should have instituted her action in the orphans' court division. In *Baskin and Sears v. Edward J. Boyle Co.,* 506 Pa. 62, 483 A.2d 1365 (1984), the Pennsylvania Supreme Court found that an action for negligent estate planning and administration, unfair trade practices, malpractice, fraud and intentional infliction of emotional distress had only been collaterally related to the administration and distribution of the estate and trust, and, therefore, the matter did not fall within the mandatory jurisdiction of the orphans' court division pursuant to 20 Pa.C.S. §711 (1) and (2). As a result, the Pennsylvania Supreme Court disallowed an order by the administrative judge of the civil division which had transferred the action to the orphans' court division. Id. at 66, 483 A.2d at 1365. In analyzing whether the transfer of the action to the orphans' court division has been proper, the court interpreted 42 Pa.C.S. §952 of the Judicial Code. This section provides:

"The division of a court of common pleas are administrative units composed of those judges of the court responsible for the transaction of specified classes of the business of the court. In a court of

common pleas having two or more divisions, each division of the court is tested with the full discretion of the whole court, but the business of the court may be allocated among the divisions of the court by or pursuant to general rules."

The court's clear interpretation of 42 Pa.C.S. §952 is articulated as follows:

"Absent a general rule which allocated these matters to a particular division of the court, an administrative judge of one division does not have the authority to refuse to exercise jurisdiction over a matter which is properly before the court." *Baskin and Sears v. Edward J. Boyle Co.,* 506 Pa. 62, 67, 483 A.2d 1365, 1367.

In the present case, there exists a mandatory rule [Pa.R.J.A. 2156(1)] which specifically allocates all matters arising under Title 15 of the Pennsylvania Consolidated Statutes be heard and determined by the orphans' court division of the court of common pleas.

However, a case may not be dismissed because it has been brought in the wrong court; if the matter is justiciable, there is jurisdiction in a court of common pleas to hear it, and in a multidivision court, the remedy for bringing the case in the wrong division is not a dismissal, but a transfer of the matter to the correct division. *Commonwealth v. Wadzinski,* 485 Pa. 247, 254-55, 401 A.2d 1129, 1132 (1978); *Estate of Gilbert,* 342 Pa. Super 82, 85, 492 A.2d 401, 403 (1985). Therefore, the record of the present action shall be transferred to the orphans' court division, and treated as if originally filed in said division, pursuant to 42 Pa.C.S. §5103 (c) of the Judicial Code. This section provides:

"(c) Interdivisional Transfers — If an appeal or other matter is taken to, brought in, or transferred to a division of a court to which such matter is not allo-

cated by law, the court shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper division of the court; where the appeal or other matter shall be treated as if originally filed in the transferee division on the date first filed in a court or magisterial district."

Having determined this matter must be transferred to the orphans' court division, it becomes unnecessary for this court to rule upon the remaining objections raised by defendants.

## ORDER

Now, this October 24, 1986, upon consideration of defendants' preliminary objections to the filing of plaintiff's complaint in equity as opposed to filing in the orphans' court division pursuant to Pa.R.J.A. 2156 (1), it is hereby ordered that the record of the plaintiff's cause of action be transferred to the orphans' court division so as it may adjudicate this action as it sees proper.