549 A.2d 1349

Robert S. Hurst et al., Appellants *v.* John J. Shaw, Appellee.

Robert S. Hurst et al., Appellants *v.* John J. Shaw, Appellee.

2

Submitted on briefs October 3, 1988, to Judges BARRY and PALLADINO, and Senior Judge NARICK, sitting as a panel of three.

*Anthony J. Molloy, Jr., Mozenter, Molloy & Durst,* for appellants.

*John K. Weston, Sacks, Basch, Brodie & Sacks,* for appellee.

OPINION BY SENIOR JUDGE NARICK, November 4, 1988:

This consolidated appeal has its genesis in an equity action filed by John Shaw (Appellee herein) in the Court of Common Pleas of Philadelphia County.

The relevant facts are as follows. Shaw is a member of Philadelphia Lodge No. 5, Fraternal Order of Police (FOP), as well as the FOP's board of directors. Shaw was also a candidate for president of the FOP.[1] On February 17, 1988, Shaw sent a letter to Robert S. Hurst, president of the FOP and an Appellant herein, requesting permission to examine all corporate documents as set forth in the Non-profit Corporation Law of 1972, 15 Pa. C. S. §7502(b).[2] In response, Appellants

---

[1] The elections were held on Tuesday, October 4, 1988. This case was scheduled before this Court on October 3, 1988. Based upon the immediacy of the situation an order was issued on October 3, 1988. This opinion is the basis of and consistent with that order.

[2] Appellants consist of the FOP, which is a non-profit corporation comprised of present and retired police officers of the City of

submitted a letter to Shaw advising him that they could not rule on his request until he was more specific as to which corporate records he wished to examine. In May 1988, Shaw instituted a cause of action in equity with the court of common pleas seeking a preliminary injunction which would allow him to examine corporate records. On July 29, 1988, the court issued a preliminary injunction directing Appellants to permit Shaw or his authorized representatives to inspect and copy the following: minutes of all meetings from April 1, 1982 through the present; copies of trustees' audits and quarterly reports from April 1, 1982 through the present; all reports of income and expenses received or paid by the corporation from April 1, 1982 through the present; lists of all investments made or held by or on behalf of the corporation from April 1, 1982 through the present; and all tax returns filed by the corporation from April 1, 1982 through the present. The trial court further directed Appellants to submit to the FOP board of directors at the next regularly scheduled meeting, Shaw's request for the mailing list of the names and addresses of FOP members.[3]

Appellants appealed the July 29 preliminary injunction order; this appeal is docketed at 1895 C.D. 1988.[4]

Philadelphia; Philadelphia Police Home Association, a non-profit organization with officers coincident with those of FOP; and individuals who are elected officers of FOP and comprise the executive board of the board of directors of FOP—Robert S. Hurst, president; Richard B. Costello, recording secretary; John F. O'Brien, financial secretary; Nick Mancini, treasurer; and James T. Downs, Lou Campione, Thomas E. Lynch, Jr., George McNesby and Kenneth Rocks, trustees.

[3] The trial court elected to allow examination of all documents commencing with April 1, 1982 through the present because this is when Appellant Hurst became president.

[4] As to the July 29 order, Appellants filed a request for supersedeas before the trial court and this Court; both requests were

When Appellants failed to comply with the July 29 order, Shaw filed a petition for contempt with the trial court. On August 25, 1988, the court granted Shaw's petition and directed Appellants to, *inter alia,* allow Shaw to inspect all the documents set forth in the July 29 order. Appellants thereafter filed a notice of appeal to this Court; this appeal is docketed at 2090 C.D. 1988.[5] On September 2, 1988, Shaw filed a motion to quash Appellant's appeal of the August 25 order as interlocutory.[6]

The issues before us are: (1) whether the trial court had subject matter jurisdiction under 15 Pa. C. S. §7508 to enter a preliminary injunction and if so whether its issuance was proper;[7] and (2) whether the August 25 order is interlocutory.

First, we must determine whether the trial court was competent to hear the case at bar. It is stated in 15 Pa. C. S. §7504 that "[t]he bylaws may contain any provisions for the regulation and management of the affairs of the corporation not inconsistent with the law or the

denied. Appellants filed an appeal to the Supreme Court of this Court's denial of stay. The Supreme Court has not to our knowledge acted on this appeal.

[5] Appellants requested a stay of the August 29 contempt order which was denied by both the trial court and this Court. Appellants thereafter applied to the Supreme Court for an injunction to preserve the status quo. The injunction request was denied on August 26, 1988. Appellants thereafter filed an application with the Supreme Court for review of this Court's denial of the stay. The Supreme Court has not to our knowledge acted on that application.

[6] On September 8, 1988, an order was issued consolidating for argument the appeal at 2090 C.D. 1988 with the appeal at 1895 C.D. 1988.

[7] We note that our scope of review of a court of common pleas order granting preliminary injunction is confined to a determination of whether the record contains apparently reasonable grounds to justify the court's actions. *T. W. Phillips Gas & Oil Co. v. Peoples Natural Gas Co.,* 89 Pa. Commonwealth Ct. 377, 492 A.2d 776 (1985).

articles". A member's right to inspect corporate records is set forth in 15 Pa. C. S. §7508(b):

> Every member shall, upon written demand under oath stating the purpose thereof, have a right to examine, in person or by agent or attorney, during the usual hours for business for any proper purpose, the membership register, books and records of account, and records of the proceedings of the members, directors and such other body, and to make copies or extracts therefrom. A proper purpose shall mean a purpose reasonably related to the interest of such person as a member. . . .

Also, if a member is refused inspection, the procedure for seeking enforcement of inspection is set forth in 15 Pa. C. S. §7508(c):

> If the corporation, or an officer or agent thereof, refuses to permit an inspection sought by a member or attorney or other agent acting for the member pursuant to subsection (b) of this section or does not reply to the demand within five business days after the demand has been made, the member may apply to the court for an order to compel such inspection. The court shall determine whether or not the person seeking inspection is entitled to the inspection sought.
> . . . Where the member seeks to inspect the books and records of the corporation, other than its membership register or list of members, he shall first establish:
>
> (1) that he has complied with the provisions of this section respecting the form and manner of making demand for inspection of such document; and
>
> (2) that the inspection he seeks is for a proper purpose.

Where the member seeks to inspect the membership register or list of members of the corporation and he has complied with the provisions of this section respecting the form and manner of making demand for inspection of such documents, the burden of proof shall be upon the corporation to establish that the inspection he seeks is for an improper purpose. The court may, in its discretion, prescribe any limitations or conditions with reference to the inspection, or award such other or further relief as the court may deem just and proper. . . .

Article II, section 2 of the constitution and bylaws of the National Fraternal Order of Police and article X, section 2 of the constitution and bylaws of the Pennsylvania Fraternal Order of Police provide that the mailing list of the names and addresses of members shall not be released without consent from the board of directors. The constitution and bylaws of the FOP state that the national and state constitutions and bylaws are made part of the FOP's constitution and bylaws. The national, state and local constitutions and bylaws do not contain any restrictions as to the release of other corporate information.

Appellants' position is that the trial court did not have subject matter jurisdiction because in order for jurisdiction to exist one of two conditions must exist: (1) a refusal to permit an inspection or (2) a failure to respond within five days after a request for inspection has been made. More specifically, Appellants argue that Shaw failed to fulfill the jurisdictional prerequisites of 15 Pa. C. S. §7508(c) because there was no refusal to permit inspection and because Appellants responded to the request within five days (by requesting Shaw to be more specific).

Our Supreme Court has stated that jurisdiction of the subject matter is:

> The competency of the court to determine controversies of the general class to which the case presented for its consideration belongs, and the controlling question is whether the court had the power to enter upon the inquiry, not whether it might ultimately decide that it was unable to grant the relief sought in the particular case.
>
> . . .

*Sperry* & *Hutchinson Co. v. O'Connor,* 488 Pa. 340, 344, 412 A.2d 539, 540 (1980). With this definition in mind, it is clear that a determination as to whether Appellants refused to permit inspection or failed to timely respond to the request for inspection required a factual determination by the trial court; it did not go to the court's competency to hear and adjudicate the matter. Our review of the record discloses that Appellant Hurst testified he did not intend to make the requested information available to Shaw. Therefore, the trial court reasonably concluded that Appellants had refused to permit Shaw to examine corporate records.

In that we have determined the trial court was competent to hear and adjudicate the instant case, we must decide whether the relief granted was proper. Appellants' argument here is twofold. Firstly, Appellants contend that the trial court erred in failing to conclude that Shaw's request to examine the corporate records was in bad faith. Secondly, Appellants argue that the court erred in granting relief absent proof from Shaw of corporate mismanagement.

Any member of a non-profit corporation pursuant to 15 Pa. C. S. §7508(b) has a right to examine certain corporation records for *any proper purpose,* which is defined in 15 Pa. C. S. §7508(b) as a purpose reasonably related to the interest of such person as a member.

Here, the trial court, acknowledging that Shaw offered no evidence to support his suspicions of mismanagement, concluded that Shaw, as a member of the FOP and its board of directors, had established a proper purpose for examining corporate records; the court emphasized that as a member of the board of directors he had certain fiduciary responsibilities.

In *Sto-Rox Focus on Renewal Neighborhood Corp. v. King,* 40 Pa. Commonwealth Ct. 640, 398 A.2d 241 (1979), this Court held that inspection of corporate records in order to ascertain whether a corporation is being properly managed is a reasonable purpose under 15 Pa. C. S. §7508. Accordingly, we do not believe Shaw was required to provide proof of corporate mismanagement in order to establish a "proper purpose".[8]

Finally, we must address Shaw's motion to quash Appellants' appeal of the August 25 order. It is well settled that unless otherwise permitted by statute, appellate jurisdiction will only lie from a final order. *Pugar v. Greco,* 483 Pa. 68, 394 A.2d 542 (1978). A final order is one which: (1) ends litigation or alternatively disposes of an entire case, or (2) effectively puts a litigant out of court or precludes a party from presenting the merits of his claim. *Pugar.* Thus, the order of August 25 is interlocutory because that order neither ended the litigation or disposed of the case, nor did it put Appellants out of court or prevent them from presenting the merits of their claim.

However, an appeal from an interlocutory order may be taken as of right pursuant to Pa. R.A.P. 311 or may

[8] Appellants attempt to argue that several years ago Shaw improperly obtained a mailing list of FOP members and for this reason a finding of bad faith as to his request for inspection of documents should be made. We disagree. As the trial court indicated, Shaw does not have a current mailing list and we consider that matter to be irrelevant herein.

be taken by permission pursuant to Chapter 13 of the Pennsylvania Rules of Appellate Procedure. Because there is no automatic right to appeal a contempt order under Pa. R.A.P. 311 and Appellants have not requested permission to appeal an interlocutory order as set forth in Pa. R.A.P. 1311(b), we are without jurisdiction to hear said appeal. Therefore, it must be quashed.

Accordingly, the July 29, 1988 order of the Court of Common Pleas of Philadelphia County granting preliminary injunction is affirmed. Further, Appellants' appeal of the August 25, 1988 order of the Court of Common Pleas of Philadelphia County is quashed as interlocutory.

## ORDER

AND NOW, this 3rd day of October, 1988, upon consideration of the parties' briefs, it is hereby ORDERED that the July 29, 1988 order of the Court of Common Pleas of the County of Philadelphia granting preliminary injunction is affirmed. Further, it is hereby ORDERED that the August 25, 1988 order of the Court of Common Pleas of the County of Philadelphia is affirmed and Appellants' appeal of that order is quashed as being interlocutory. Opinion to follow.