|, TERRI F. LOVE, Judge.
Defendant appeals the trial court’s judgment granting Plaintiffs Writ of Manda *656 mus. For the reasons assigned below, we affirm the trial court’s finding.

FACTS AND PROCEDURAL HISTORY

The plaintiff, John Leary (“Leary”), is a member and the owner of one share of the corporate stock of The Tally Ho Club (“Club”), the defendant. The Club is a non-profit corporation organized under La. R.S. 12:201 et seq. for the exclusive purpose of hunting and fishing. Leary paid $100 for a single share of stock. Under the Articles and By-laws of the Club, only members are allowed to become shareholders.
On May 18, 2003, Leary made a written request to inspect records of the Club at the registered address[1] pursuant to La. R.S. 12:223. The Club responded on May 28, 2003, in the affirmative stating the records were located at the Clubhouse and would be available between the hours of 3:00 p.m.-5:00 p.m. on Wednesday, June 11, 2003. The Club requested Leary sign a confidentiality | ^agreement prior to inspection and offered to answer any-questions at the Board Meeting on that date.
Leary immediately responded via facsimile that pursuant to the aforementioned statute he was not required nor would he sign a confidentiality agreement. He also requested that the records be moved to the Club’s registered office or their attorney’s office to comply with the statute. Leary maintained that the two hour window was not sufficient and requested more time. The Club responded via mail, extending the amount of time given for inspection from 5:00 p.m. to 5:45 p.m. and requested Leary to appear before the Board of Directors to discuss the purpose of his inquiry. The Club also expressed concern about the broad and unprecedented request Leary made and questioned his motive and purpose in making the request. The Club drafted a confidentiality agreement demanding his signature and repeated their denial of his request to move the records citing inconvenience and expense.
Leary responded that the terms demanded by the Club were unacceptable. In response to the Club’s demands, Leary filed a Petition for Writ of Mandamus on June 12, 2003. Pursuant to a letter from the Club dated June 12, 2003, the Board of Directors voted to formally reprimand Leary on that same day because he refused to attend the board meeting, for his recent rude behavior, and for his repeated refusal to abide by the confidentiality clause.
The trial court granted Leary’s request issuing an Alternate Writ of Mandamus, which ordered the Club to comply with Leary’s demand for production of documents or show cause to the contrary at a later hearing date. The following day, June 13, 2003, the Club revoked his membership notifying him by U.S. mail | ¡¡postmarked June 17, 2003. After the Club revoked Leary’s membership, he filed a Petition for Damages, Petition for Temporary Restraining Order, Rule for Preliminary Injunction, and for Permanent Injunction. The trial court issued a Temporary Restraining Order that restrained the Club from:
b. taking steps to enforce defendant’s action to expel petitioner, John Hartson Leary, from membership in the Tally Ho Club, or to remove his belongings from the premises of and prevent him from gaining access to the premises of Tally Ho Club;
c. taking steps to cancel the capital stock of petitioner, John Hartson *657 Leary, and his capital stock interests in the Tally Ho Club corporation.
At the hearing, the trial court did not admit testimony or evidence. The trial court simply ruled on the memoranda submitted by the parties. The trial court ordered the Club to produce the records for Leary’s inspection covering the period of May 18, 1998, to the date of the Court’s order, October 21, 2003.[2] Subsequently, the defendant instituted this appeal. The Club asserted only one assignment of error: The trial court committed manifest error in ordering the Club to produce records to an individual who was not a shareholder.[3] Leary discusses his claim for damages in his brief, but withdrew this issue during oral arguments.

DISCUSSION

The Club argues the trial court erred by ordering them to produce records to an individual who was not a member or shareholder. The appellant agrees that under La. R.S. 12:223(C), a member or shareholder has the right to inspect records. But, in the case at bar, Leary is not currently a member or shareholder, therefore he | ¿should not be allowed to inspect records. Leary contends he was a member at the time of his request, therefore his right to inspect records is reserved.
Laws relating to Non-Profit Corporations is located in Title 12 of the Louisiana Revised Statutes. La. R.S. 12:223 dictates who may inspect the corporate records of non-profit corporations. It provides in pertinent part:
A. Every corporation shall keep at its registered office (1) records of the meetings of its members and directors, and of committees of the board, share and membership records giving the names and addresses of the members in alphabetical order by classes and series and the number of shares held by each, and records of its assets, liabilities, receipts, disbursements, gains, losses, capital and surplus; and (2) separate records of all trust funds held by it. Whenever membership is terminated, this fact shall be recorded in the share or membership record together with the date on which the membership ceased, and transfers of shares shall similarly be recorded.
[[Image here]]
C. Every shareholder and voting member may examine in person, or by agent or attorney, at any reasonable time, the records of the corporation listed in subsection A of this section.
La. R.S. 12:223
The aforementioned article does not address members or shareholders who are expelled from non-profit corporations, who still seek to inspect records. This is an issue of first impression before the Court. Therefore, we look to statutes regarding business corporations to answer this question. La. R.S. 12:103 is contained in “Louisiana Business Corporation Law” and discusses the right of shareholders in business corporations to inspect records. As in non-profit corporations, a shareholder may inspect records with notice if he or she owns a requisite number of shares and has a proper purpose.
The Club cites numerous cases from various jurisdictions including Colorado *658 and Pennsylvania to support their argument that a recently expelled Rmember cannot inspect records of a non-profit corporation.[4] We find this authority unpersuasive and conclude that our Brethren of the Third Circuit provides us with useful analysis on resolving this issue. The Third Circuit held the determinative date, in regards to La. R.S. 12:103 rights, is the date of demand, not the date of corporate compliance. Naquin v. Air Engineered Systems & Services, 423 So.2d 713, 716 (La.App. 3rd Cir.1983). In Naquin, the plaintiff demanded inspection of defendant’s corporate records after he was discharged from their employment. As a competitor he was required to own 25% of all outstanding stock. After his request, the defendant issued 15,000 new shares of stock, thereby diluting the plaintiffs holding to less than 25%, unable to inspect records. Id. at 715. The Third Circuit correctly identified the scheme as stock watering and held the determinative date to enforce inspection rights is the date of demand.
If we assume Leary’s expulsion from the Club was proper, it does not negate his time as a member. At the time Leary demanded to inspect the records of the Club, May 18, 2003, he was a member. The Club agrees Leary was a member and shareholder on the date of demand. Therefore, Leary was eligible to inspect the records. The trial court only ordered the Club to produce records for the immediate five years prior to Leary’s demand date. The trial court did not err in issuing the writ of mandamus.
AFFIRMED.

. The registered address is the home address of the Club’s president. The clubhouse does not have a municipal address required for incorporation.

. According to Leary's Petition for Writ of Mandamus, his stock certificate was issued on September 1, 1999. We can only assume the trial court allowed Leary to inspect the records for the five years prior to his request date.

. Appellants mention in their brief and oral arguments that the trial court erred by failing to admit evidence that Leary was expelled pursuant to the Club’s By-laws. The Club failed to proffer evidence, nor did they assign this as error in this appeal.

. Sto-Rox Focus on Renewal Neighborhood Corp. v. King, 40 Pa.Cmwlth. 640, 398 A.2d 241 (1979); Levitt v. Calvary Temple of Denver, 33 P.3d 1227 (Colo.Ct.App.2001).