In Re: Appeal of Ralph DeStefano and Anna De-Stefano, His Wife, Appellants *v.* Turtle Creek Zoning Board of Adjustment, Appellee.

Argued May 3, 1978, before President Judge Bowman and Judges Wilkinson, Jr., Mencer, Rogers and Blatt. Judges Crumlish, Jr. and DiSalle did not participate.

G. N. Evashavik, with him Evashavik, Capone, Evans & Della Vecchia, for appellants.

Alan Papernick, with him Papernick & Gefsky, for intervenor.

OPINION BY JUDGE WILKINSON, JR., June 7, 1978:

In 1976 the Turtle Creek Zoning Board of Adjustment (Board) granted a variance to the intervenor herein, John Sarandis, to construct a 12-unit apartment building in an R-2 residential district in the Borough of Turtle Creek. Neighboring landowners, not parties to this appeal, appealed to the Allegheny County Court of Common Pleas. The Court, by Judge SILVESTRI SILVESTRI, remanded the case to the Board to make findings of fact and conclusions of law. This was done and the Board affirmed its earlier decision. Following this action, the appellants here appealed that decision to the court of common pleas. Thereafter, the intervenor filed a petition to require the appellants post bond pursuant to Section 1008(4) of the Pennsylvania Municipalities Planning Code (Code), Act of July 31, 1968, P.L. 805, as amended, 53 P.S. §11008(4).[1] Following a hearing held on July

---

[1] Section 1008(4) of the Code provides:

(4) The filing of an appeal in court under this section, shall not stay the action appealed from but the appellants may petition the court having jurisdiction of zoning appeals for a stay. If the appellants are persons who are seeking to prevent a use or development of the land of another, whether or not a stay is sought by them, the landowner whose use or development is in question may peti-

26, 1977 on this petition (as well as a petition for a supersedeas by appellants) at which time the court heard oral arguments but no testimony was presented, the court entered an order directing the appellants to provide a bond in the amount of $100,000 as a condition of continuing the appeal. Appellants failed to file a bond and on September 12, 1977 Judge SILVESTRI dismissed the appeal. We affirm the dismissal.

Appellants have raised two questions before this Court: (1) Whether the order requiring and setting the amount of bond is fatally defective because no testimony was presented regarding the alleged sufficiency of the bond;[2] and (2) Whether it was improper for the intervenor to seek an order requiring the posting of bond from Judge SILVESTRI.

With regard to the first issue, this Court has held that where a petition to post bond is made by the landowner pursuant to Section 1008(4) of the Code, the court must determine the amount of damages the landowner will suffer as a result of the delay caused by the protestants' appeal and set bond accordingly. *Anthony Appeal*, 25 Pa. Commonwealth Ct. 41, 358 A.2d 874 (1976). It is inherent in this rule that the court must have, as appellants suggest, a factual basis upon which to determine the amount of bond that should be required, if any. There is no record here of what

---

tion the court to order the appellants to post bond as a condition to proceeding with the appeal. The question whether or not such petition should be granted and the amount of the bond shall be within the sound discretion of the court.

[2] The intervenor has countered this issue with one of his own contending that appellants are precluded from raising this issue because the appeal should have been taken within 30 days of the entry of the July 26 order requiring appellants to post bond. However, since a review of the order dismissing the appeal for failure to post bond derives its substance and validity from the order to post bond, we find this issue is properly before us on appeal.

precisely occurred at the hearing held on July 26, 1977, although it is clear the court had before it the petition to require bond which included statements as to the purchase price of the property in question ($15,-677) and the estimated cost of construction ($298,800) as well as an architect's cost estimate submitted as an exhibit. Thus, a factual basis for the amount and sufficiency of the bond was in fact before the court. Moreover, both parties agree that at the hearing before Judge SILVESTRI both sides were given an opportunity to present oral argument where it would have been appropriate for appellants' counsel to challenge the sufficiency of bond by calling witnesses and presenting his own factual averments for the court's consideration. There is no record that the court refused to hear any testimony or evidence offered by appellants. Accordingly, we find nothing in the record to support the allegation that appellants were denied the right to be heard in this issue. Similarly, we find appellants were not denied procedural due process with regard to the inability to cross-examine witnesses, since there is no record appellants were ever refused a requested opportunity to have the landowner or his architect testify under oath concerning the accuracy of cost estimates.

Turning to the second issue, we find no merit in appellants' contention that it was improper for the intervenor to present his petition to Judge SILVESTRI to set bond and improper for Judge SILVESTRI to hear and rule on this petition. Although the record is sparse on this issue, as well as the first, it is clear that Judge SILVESTRI was assigned and heard the original appeal which resulted in a remand to the Board. It is also clear that after the appellants here became the protesters of record, that counsel for both appellants and the intervenor presented petitions to Judge SILVESTRI, appellants seeking a supersedeas and inter-

venor seeking that appellants be ordered to post bond. Thus, this is not a case of a litigant unilaterally selecting his own forum unrelated to the matter in issue[3] or of a judge entering an order in a cause over which he had no initial jurisdiction.[4]

Accordingly, we will enter the following:

### ORDER

AND Now, June 7, 1978, the order of the Court of Common Pleas of Allegheny County at S.A. No. 488 of 1977, dated September 12, 1977, is hereby affirmed.

---

[3] *See, e.g., Commonwealth v. Siegel*, 49 D. & C. 2d 55 (Washington 1970).

[4] *See, e.g., Smith v. Gallagher*, 408 Pa. 551, 185 A.2d 135 (1962).