Michael R. Devlin et al., Appellants *v.* Zoning Hearing Board of the City of Easton, Northampton County, Pa. and Charles E. Catalano and Commonwealth Trust Company, Intervenors.

Submitted of briefs, April 7, 1978, to Judges WIL-KINSON, JR., BLATT and DiSALLE, sitting as a panel of three.

*Thomas L. Walters,* with him *Coffin, DeRaymond, Shipman & Stitt,* for appellants.

*William P. Hogan,* with him *Hogan & Scott,* for intervenors.

OPINION BY JUDGE DiSALLE, June 7, 1978:

This case comes before this Court upon appeal of an order of the Court of Common Pleas of Northampton County at No. 322 January Term, 1977. The order requires Michael R. and Carol D. Devlin, Charles

H. and Jacqueline H. Yeager, Alphonse R. and Ann D. Bellafatto, Kenneth S. and Alice L. Lilley, and Thomas B. and Irene C. Stotz (Appellants), to post a graduated bond pursuant to a zoning appeal taken under Section 1008(4) of the Pennsylvania Municipalities Planning Code (Code), Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. §11008(4).

On February 5, 1977, the Zoning Hearing Board (Board) of the City of Easton granted certain variances to Charles E. Catalano and The Commonwealth Trust Company (Developers). These variances pertained to the construction of 30 units of twin residential dwellings on approximately seven acres of land within the City of Easton. They permitted the Developers to subdivide their land and construct the units on plots which typically contain 4,000 square feet. The applicable ordinance requires a minimum of 4,800 square feet per unit plot. The Board also did not impose any additional land requirement as a "slope penalty" on some of 4,000 square foot plots as a condition of the variance.

In response to the Board's granting of these variances to the Developers, Appellants, who were adjoining property owners, filed an appeal to the Court pursuant to Section 1008 of the Code, 53 P.S. §11008. They alleged in the appeal that the Board committed errors of law and abused its discretion in granting the variances. Specifically, they alleged that the variances were improper because the proposed project was in violation of maximum density requirements, it failed to provide sufficient parking, proposed cul-de-sacs on property not owned by the Developers, and finally, that they were granted without a showing of the requisite unnecessary hardship. The Appellants also contended before the lower court that the Board failed to provide the adjoining landowners with notice of the proposed hearing on the variances.

Thereafter, the Developers petitioned the lower court to compel the Appellants to post a bond as provided under Section 1008(4) of the Code, 53 P.S. §11008(4), as a condition to proceeding with the appeal. A hearing on this petition was held on April 1, 1977. The Developers presented expert testimony indicating that the project would be greatly reduced in value if any substantial delay occurred. The Appellants offered testimony to show that the cost of the bond was prohibitive and beyond their means. On May 4, 1977, the lower court entered an order requiring the Appellants to post a graduated bond in the total amount of $60,000.[1] The Appellants failed to post any of the bonds, filing instead the appeal presently before us.

The Appellants argue that the trial judge's decision was an abuse of discretion. They contend that the Developer failed to produce any substantial credible evidence which showed that damages would be sustained as a result of their appeal. Appellants argue that since an appeal under Section 1008 of the Code does not automatically stay the action, no aspect of the Developer's project is being delayed by the appeal. Without a showing of delay, Appellants contend that it is impossible for the Developers to show damages because any loss will have been incurred voluntarily. In addition, the Appellants argue that even if the appeal has the effect of delaying the project, the Developer did not present any evidence showing that such delay would result in damages. Neither of these contentions has merit.

This Court upheld the constitutionality of Section 1008(4) of the Code in *Schlegel v. Northampton Zon-*

---

[1] The order required the posting of a $20,000 bond within fifteen days of the order and two additional bonds of $20,000 each, one two months later and the other six months later.

*ing Hearing Board,* 24 Pa. Commonwealth Ct. 183, 354 A.2d 596 (1976). In so doing, Judge WILKINSON, speaking for the Court, stated that Section 1008(4) is intended "to provide financial protection to a landowner successful in prior proceedings from pecuniary loss occasioned by delay attendant the appeal." 24 Pa. Commonwealth Ct. at 188, 354 A.2d at 599.[2] At the hearing before the lower court, the Developers presented uncontradicted evidence that the uncertainty created by the appeal had prevented their obtaining both sale and mortgage commitments on the project, both of which are essential prior to actual commencement of construction.[3] Even if the Developers did begin the project prior to a decision on this appeal, they would have done so at great risk. It is clear that in drafting Section 1008(4), the legislature recognized that delay of a development project is inherent in any zoning appeal even though no stay has been entered.

The record likewise shows that the Developer presented uncontradicted expert testimony before the lower court establishing that the value of the project would decrease by $105,000 if a one year delay occurred. The estimate was based upon the increasing costs of site development, loss due to competition between developers to meet the community's demand for housing, and the changing cycle of mortgage terms and interest rates.

We find no abuse of discretion in the lower court's decision requiring the Appellants to post a bond, and its order of May 4, 1977, is affirmed. This matter is

---

[2] It is to be noted that Section 1008(4) permits the landowner to petition for the fixing of bond whether or not a stay is sought by the appellant.

[3] It is not likely that firm mortgage commitments could be secured prior to the determination of the appeal no matter how remote the risk of reversal.

remanded to the Court of Common Pleas of Northampton County to afford Appellants reasonable opportunity to post security in accordance with that court's order.

### Order

And Now, this 7th day of June, 1978, the order dated May 4, 1977, of the Court of Common Pleas of Northampton County at No. 322 January Term, 1977, requiring Michael R. Devlin and Carol D. Devlin, his wife; Charles H. Yeager and Jacqueline H. Yeager, his wife; Alphonse R. Bellafatto and Ann D. Bellafatto, his wife; Kenneth S. Lilley and Alice L. Lilley, his wife; and Thomas B. Stotz and Irene C. Stotz, his wife, to post a graduated bond in the total amount of $60,000 is hereby affirmed. This case is remanded to the Court of Common Pleas of Northampton County to afford the Appellants the opportunity to post bond in accordance with the order of May 4, 1977.