In Re: Appeal of Leonard Hoak et al. Leonard Hoak, Robert Quirk and the General Association To Stop Pollution, Inc., Appellants.

Argued March 9, 1979, before Judges Crumlish, Jr., DiSalle and Craig, sitting as a panel of three.

*Robert S. Ryan,* with him, *Drinker, Biddle & Reath; James J. Riley;* and *Williamson, Friedberg & Jones,* for appellants.

*James D. Crawford,* with him *Michael Sklaroff; Schnader, Harrison, Segal & Lewis;* and, of counsel, *Leroy G. Adams;* and *Lipkin, Stutzman, Marshall & Bohorad,* for appellee.

OPINION BY JUDGE CRAIG, July 9, 1979:

This case involves a petition under Section 916 of the Pennsylvania Municipalities Planning Code (MPC)[1] on behalf of Crown America Corporation (developer) asking that appellants (objectors) be required to post a bond as a condition to proceeding with the zoning appeal which objectors had filed with the Zoning Hearing Board of Schuylkill County, seeking to reverse or limit approval of a shopping center development application which had been issued by the county zoning office.

The Court of Common Pleas of Schuylkill County held a hearing February 2, 1978 and, on February 3, 1978, issued an order requiring that objectors, as a

---

[1] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §10916.

condition to proceeding with their zoning appeal, post a bond in the amount of $100,000.00 by February 10, 1978 and in the amount of an additional $400,000.00 per month commencing March 10, 1978 and monthly thereafter.

The appeal here raises two questions:

1. Whether the court below, in this bond petition proceeding, properly refused to consider evidence as to the merits of objectors' zoning appeal?

2. Whether the amendment to MPC §916, effective September 28, 1978, requires that the case be remanded to the court below for consideration of the merits of the zoning appeal?

By presenting the first question, objectors are asking that we reconsider and overrule our conclusions in *Driscoll v. Plymouth Township*, 13 Pa. Commonwealth Ct. 404, 320 A.2d 444 (1974), to the effect that consideration of the merits of the appeal is not proper in a Section 916 bond petition case. This court, after careful consideration of various situations and a wide range of constitutional ramifications, has affirmed that rule in *Hercek v. Whitehall Township Zoning Hearing Board*, 20 Pa. Commonwealth Ct. 509, 342 A.2d 127 (1975); *Neshaminy Plaza II v. Kelly*, 21 Pa. Commonwealth Ct. 469, 346 A.2d 884 (1975); *Schlegel v. Zoning Hearing Board*, 24 Pa. Commonwealth Ct. 183, 354 A.2d 596 (1976). Objectors here have presented no new basis which would warrant overturning that settled interpretation.

The second question arises from the adoption by the legislature of Act of September 28, 1978, P.L. 785, Act No. 1978-150, which amended MPC §916 to add, among other terms, the following language concerning a bond petition:

After the petition is presented the court shall hold a hearing to determine if the filing of the

appeal is frivolous and is for the purpose of delay. At the hearing evidence may be presented on the merits of the case. After consideration of all evidence presented, if the court determines that the appeal is frivolous and is for the purpose of delay it shall grant the petition. . . .

Although the quoted language appears to constitute a legislative departure from the approach taken in the line of decisions cited above, this amendment, being effective September 28, 1978, clearly is not applicable to Section 916 bond proceedings concluded in February of 1978. The amendment does not purport to operate retroactively, and we are mindful of the Statutory Construction Act provision that:

No statute shall [be] construed to be retroactive unless clearly and manifestly so intended by the General Assembly.

1 Pa. C.S.A. §1926

We therefore affirm the order of the Court below.

ORDER

AND Now, this 9th day of July, 1979, the orders of the Court of Common Pleas of Schuylkill County dated February 3, 1978 and February 14, 1978, are affirmed.