In Re: Appeal of Langmaid Homeowners Association et al., Wade Confer, Raymond Johnson, Kaye Brindley et al., Appellants.

Judge MacPhail filed a concurring opinion which was substantially as follows:

1. Section 916 of the Pennsylvania Municipalities Planning Code, Act of July 31, 1968, P.L. 805, is the section which properly governs bond proceedings which take place before the zoning hearing board renders its decision, but the result is the same under that section. [5-8]

Argued October 9, 1981, before Judges Williams, Jr., MacPhail and Palladino, sitting as a panel of three.

*Charles J. Duke, Pecora & Duke,* for appellants.

*Murray R. Garber,* with him, *I. E. McCommon,* for appellees, Bradford Township and Bradford Township Zoning Hearing Board.

*R. T. Mutzabaugh, Mutzabaugh, Mutzabaugh & Sanders,* for appellee, Health Care Facilities, Inc., of Pennsylvania, also known as H.C.F., Inc. of Pennsylvania.

OPINION BY JUDGE WILLIAMS, JR., February 24, 1982:

In December 1980, the Court of Common Pleas of McKean County entered an order quashing the zoning appeal of the Langmaid Homeowners Association (Association) and certain named individuals.[1] From that order an appeal to our Court followed.

---

[1] The term "Association," when used in this opinion, will be a collective reference to all the litigant-protestants involved.

In 1979 Health Care Facilities, Inc. (HCF) had sought, unsuccessfully, to obtain zoning permission to construct a nursing home on Langmaid Lane in Bradford Township, McKean County. The site of the proposed facility is in a "R-10" zoning district; and under the ordinance then in effect a nursing home was not a permitted use in that district. Although the zoning authorities initially granted HCF a variance, the application for the variance was withdrawn after an appeal by the Association and a remand order by the Court of Common Pleas of McKean County.

On May 5, 1980, Bradford Township amended its zoning ordinance to permit the establishment of nursing homes in "R-10" and other zoning districts.[2] On May 21, 1980, HCF obtained from the township zoning officer approval of the preliminary plans for the proposed nursing home on Langmaid Lane. That approval brought forth an appeal by the Association to the Bradford Township Zoning Hearing Board (Board). In its appeal to the Board, the Association asserted that the ordinance amendments, permitting nursing homes in "R-10" districts, were not enacted pursuant to a comprehensive and rational plan of development as is required by the law of Pennsylvania. The Association also asserted to the Board that the zoning change constituted "spot" zoning, and that the zoning change was unconstitutional as an improper exercise of the police power.

On July 1, 1980, the Board held a hearing on the Association's appeal, and testimony was given by the protestants.

While the Association's appeal to the Board was awaiting a decision, HCF, on July 21, 1980, petitioned

---

[2] There is indication in the record that the township supervisors first sought to enact the amendments in February 1980, but that the first effort was abortive because of questions concerning the legal sufficiency of public notice.

the Court of Common Pleas for an order requiring the Association to post an indemnity bond to protect HCF from delay damage caused by the protestants. After a hearing on HCF's bond petition, the lower court on August 5, 1980, ordered the Association to post a bond in the amount of $350,000, by August 22, 1980. The Association failed to post a bond by that date.

On August 25, 1980, the Board rendered its decision, affirming the validity of the amendments to the zoning ordinance. Three days later, the township zoning officer approved HCF's application for zoning compliance for constructing a nursing home. On September 15, 1980, the Association appealed the Board's decision of August 25th. While that appeal was pending in the lower court, the township zoning officer, on September 27, 1980, issued a building permit to HCF to construct the nursing home.

On September 29, 1980, both HCF and Bradford Township filed motions in the lower court to quash the Association's Appeal, for failure to post a bond as ordered.[3] After conducting a hearing on the motion to quash, the lower court granted the motion on December 30, 1980, and dismissed the Association's appeal.[4] That order is the subject of the appeal now before us.

The appellants herein, individual property-owning members of the Association, argue that the order to post a bond was entered in violation of the Pennsylvania Municipalities Planning Code (Code).[5] If a

---

[3] Since both motions raised this same ground, the motions will be referred to in the singular in the body of this opinion.

[4] Both motions to quash also asserted that the Association's appeal to the court below did not preserve the challenge to the legality of the ordinance amendments. The lower court did not rule on the movants' second assertion. Moreover, we are convinced that the Association did preserve its challenge to the amendments.

[5] Act of July 31, 1968, P.L. 805, *as amended*, P.S. §§ 10101 *et seq.*

zoning appeal to a court of common pleas is by persons seeking to prevent another from using or developing his land, then the landowner may, by force of Section 1008(4) of the Code, petition the court to require the appellants to post a bond as a condition of proceeding with the appeal.[6] Section 1008(4) also provides, in pertinent part, as follows:

> After the petition is presented the court shall hold a hearing to determine if the filing of the appeal is frivolous and is for the purpose of delay. *At the hearing evidence may be presented on the merits of the case.* After consideration of *all evidence presented,* if the court determines that the appeal is frivolous and is for the purpose of delay it shall grant the petition. (Emphasis added.)

The above statutory language was added by the 1978 amendment of this Section.[7]

HCF's petition for the imposition of a bond requirement was heard by Judge WILLIAM F. POTTER. The record of that hearing makes it clear that Judge POTTER did not view the merits of the appellants' case as having any relevance to the issue of the bond. The court expressly stated that the appellants' challenges to the legality of the ordinance amendments were not properly before the court, and declined to entertain evidence going to the merits of the challenges. Furthermore, Judge POTTER made no finding as to whether the challenges were frivolous.

---

[6] 53 P.S. 11008(4).

[7] The appellants rely on Section 916 of the Code, 53 P.S. §10916. That Section, however, is concerned with the requirement of a bond as a condition of proceeding with an appeal to the *Board.* Since, in the case at bar, the appellants had already completed their proceedings before the Board when HCF petitioned for the bond, HCF's concern must have related to a further appeal to the Court of Common Pleas. Therefore, the Code provision in issue is Section 1008(4).

In our view Judge POTTER's approach would have been correct under the law prior to the 1978 amendment of section 1008(4). *See, e.g., Appeal of Hoak*, 44 Pa. Commonwealth Ct. 108, 403 A.2d 639 (1979). However, we are constrained to conclude that the hearing on the bond petition in this case did not follow the mandate of the amended Section 1008(4): that evidence on the merits be received.

The proceedings on the motion to quash the Association's appeal were not before Judge POTTER, but were heard by Judge HAROLD B. FINK. Judge FINK authored the lower court's opinion in this case; and in his opinion he stated that, when he heard the motion to quash, he did not have at his disposal a transcript of the hearing before Judge POTTER. Judge FINK reasoned, however, that it was incumbent upon the Association to produce a record of the prior bond proceeding, and to demonstrate on the basis of that record that the appeal could not be deemed frivolous or for purpose of delay. We need not address this proposition, in view of the error that attended the proceedings for the imposition of the bond requirement.

It is our conclusion that the lower court's noncompliance with Section 1008(4) of the Code rendered the initial bond order improper. Therefore, the order quashing the appeal for failure to post the bond must be reversed and the case remanded to the lower court for proceedings consistent with Section 1008(4).

#### ORDER

AND NOW, the 24th day of February, 1982, the order of the Court of Common Pleas of McKean County dated the 30th day of December 1980, at No. 1322 of 1980, quashing the zoning appeal to that court because of appellants' failure to post a bond, is hereby reversed and ordered vacated. We also order this case

remanded to the lower court, to determine whether or not the said appeal to that court was frivolous and for the purpose of delay as to justify the imposition of the bond requirement in the first instance. That determination shall be based on proceedings consistent with Section 1008(4) of the Pennsylvania Municipalities Planning Code. Should the lower court determine that appeal was frivolous and for the purpose of delay, and that the bond requirement was thus justified, the court shall then rule on the motions which were filed to quash the appeal; and shall conduct such other proceedings as might be necessitated by the new ruling on those motions.

The motions filed in the Commonwealth Court to quash the appeal to this Court are dismissed.

Judge PALLADINO did not participate in the decision in this case.

---

CONCURRING OPINION BY JUDGE MACPHAIL:

Although the majority opinion clearly and accurately states on page 2 of the slip opinion[1] that the bond proceeding took place *before* the Board rendered its decision, the majority, nevertheless, decides this case on the basis of the requirements of Section 1008(4) of the Code which pertains to bond proceedings *after* the Board has rendered its decision and an appeal has been taken to the court of common pleas. The majority correctly interprets the significant change in the law with respect to the provisions of Section 1008(4) which obligates the trial court to consider the merits of the appeal in a proceeding under that section.

---

[1] Footnote 7 of the majority opinion is inconsistent with what is said in the body of the opinion and is, in my judgment, inaccurate.

8

It is Section 916 of the Code, 53 P.S. §10916, however, which applies to the bond proceedings in this case. That section was also changed by the legislature and now provides that the trial court may consider evidence on the merits of the case in a bond proceeding which occurs before the Board has reached its decision. Obviously, the same result will be reached if Section 916 is applied since the trial court refused to accept evidence on the merits.