507 A.2d 1281

William F. Ross, et al., Appellants *v.* Fayette County Zoning Hearing Board and Anthony Iron & Metal Company, Appellees.

Argued March 10, 1986, before Judges CRAIG, DOYLE and PALLADINO, sitting as a panel of three.

*Robert P. Ging, Jr.,* for appellants.

*John M. Purcell,* with him, *James T. Davis, Davis & Davis,* for appellee, Anthony Iron and Metal Company.

OPINION BY JUDGE CRAIG, April 17, 1986:

Objectors William F. Ross, Carol Homer and Frank T. Gabrin[1] appeal an order of the Court of Common Pleas of Fayette County which (1) quashed their zoning appeal when they failed to post a court-ordered $25,000 bond and (2) dismissed their motion to vacate that bond order.

In December, 1983, the Fayette County Board of Commissoners had rezoned an area within Fayette County from A-1 Agricultural Rural to M-2 Heavy Industrial. On April 3, 1984, the Fayette County Zoning Hearing Board issued a decision which upheld the issuance of a zoning certificate to Anthony Iron and Metal Company, permitting it to build a helicopter pad and accessory building within the recently rezoned area. On April 26, 1984, the objectors filed their notice of appeal from the board's action to the common pleas court.

On May 9, 1984, Anthony petitioned the court of common pleas to require that the objectors post bond as a condition to proceeding with their appeal as authorized by Section 1008(4) of the Pennsylvania Municipalities Planning Code (MPC).[2]

Section 1008(4) of the MPC, 53 P.S. §11008(4), states in pertinent part:

> If the appellants are persons who are seeking to prevent a use of the land of another, ... the landowner whose use or development is in question may petition the court to order the appellants to post bond as a condition to proceeding with the appeal. After the petition is presented *the court shall hold a hearing* to determine if the filing of the appeal is frivolous and is for the purpose of delay. *At the hearing evidence may be presented*

---

[1] The appellants are owners of land adjacent to or nearby the rezoned property of Anthony Iron & Metal Co.

[2] Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §11008(4).

*on the merits of the case.* After consideration of all evidence presented, if the court determines that the appeal is frivolous and is for the purpose of delay it shall grant the petition.... The question of the amount of the bond shall be within the sound discretion of the court. (Emphasis added.)

The court scheduled a hearing for July 24, 1984, upon the merits of that petition. According to the docket of the Fayette County Prothonotary, the prothonotary sent notice of the July 24 hearing to counsel of record on June 8.

At the hearing, counsel for the objectors did not appear. Counsel for Anthony and counsel for the Fayette County Zoning Hearing Board both requested that the trial judge require the objectors to post an appeal bond. The judge ordered that the objectors post a $25,000 bond within ten days or the appeal would be quashed. He additionally stated, "If [counsel for the objectors] has a valid reason why he didn't appear for this hearing then we'll entertain a motion — if there's some reason, valid reason, why he's not here."[3]

The objectors filed a timely motion to vacate the court's July 24 order, alleging that their attorney had not received notice of the bond hearing. The motion requested that the court vacate the order and reschedule the bond matter.

The trial judge dismissed that motion to vacate, by order of October 31, 1984. The order granted the objectors ten days within which to post $25,000 bond,

---

[3] Although the order of July 24, 1984, could be regarded as a final order, the trial judge himself apparently interpreted it as requiring further implementation because he did reconsider the matter (although without any order expressly granting reconsideration) and included in the October 31 order a fresh provision allowing ten days to file the bond before the appeal would be quashed.

with a provision quashing the appeal upon failure to post the bond. They did not post bond. After the passage of 10 days, the objectors filed a notice of appeal of the Commonwealth Court.

The trial judge's opinion[4] stated that, based upon the objectors' grounds for appeal, as stated in the notice of appeal to the court of common pleas, the objectors' appeal was frivolous and for the purpose of delay, as a matter of law. Accordingly, the judge found no reason to address the alleged lack of notice of the bond hearing.[5]

The first issue for this court is whether the judge may disregard the hearing requirement of Section 1008(4) of the MPC if he determines that the appellant has failed to state a colorable ground of appeal in his notice of appeal.

In reaching his conclusion, the trial judge relied upon *Appeal of Langmaid Homeowners Association*, 77 Pa. Commonwealth Ct. 53, 60, 465 A.2d 72, 75 (1983), where this court stated, "the key point in both definitions [of "frivolous"] is a determination of whether, *either as a matter of fact or law*, the appellant's con-

---

[4] The trial judge filed an opinion to accompany his October 31 order on January 15, 1985, as requird by Pa. R.A.P. 1931(b) and 1925(a).

[5] In response to the objectors' appeal to this court, Anthony contends that the objectors did not preserve for appeal the issue of lack of notice of the hearing, and that, because the objectors' motion to vacate did not request a hearing on that issue, no record exists by which this court may determine whether the trial court's determination was erroneous. However, the objectors' motion to vacate raised the necessary question of fact, by stating:

2. Notice of the proceedings before Judge Cicchetti was not received by the Appellants' counsel.

3. Appellants are prejudiced by the entry of the July 24, 1984 Order without prior notice;

The trial judge never decided whether the objectors received notice of the July 24 hearing nor whether they were unfairly deprived of an opportunity to be heard.

tentions have any likelihood of success." (Emphasis added.)

Despite that language, the trial court in *Langmaid* held three evidentiary hearings before reaching its conclusion.[6] Therefore we cannot agree that *Langmaid* represents a holding which supports the proposition that the trial court may determine whether the appeal is frivolous and for the purpose of delay without first holding an evidentiary hearing as required by Section 1008(4) of the MPC.

In *Appeal of the Borough of West Alexander*, 450 Pa. 453, 301 A.2d 662 (1973), the Supreme Court remanded to the trial court to permit the appellant borough the opportunity to present rebuttal evidence on its petition for annexation. At the conclusion of an initial hearing, the chairman of the county board of commissioners had scheduled a second hearing, but before that hearing was held, the board, satisfied with the evidence it had already received, issued its conclusion and report. On appeal, the Supreme Court remanded, ordering the trial court to hold the scheduled hearing. The court stated:

> A hearing, if it means anything, contemplates a fair and impartial proceeding at which competent and relevent evidence may be presented....
>
> [I]n law, where a controversy is involved, a hearing intends a judgment bench attended by

---

[6] After an initial hearing at which the court disallowed evidence on the merits of the zoning appeal, the court concluded that the appeal was frivolous and set bond. On appeal, in *Langmaid Homeowners Association Appeal*, 65 Pa. Commonwealth Ct. 1, 441 A.2d 507 (1982), this court remanded for a hearing on .evidence going to the merits of the zoning appeal. The trial court then held two such hearings and again required the posting of bond. On appeal, we affirmed in *Langmaid*, 77 Pa. Commonwealth Ct. at 53, 465 A.2d at 72 (1983).

judges or officials sitting in a judicial capacity, prepared to listen to both sides of the dispute and to consider deeply, reflect broadly, and decide impartially. Studying papers is not a hearing; passing on a report moving across one's desk is not a hearing. The very genius of American jurisprudence shines in the opportunity it affords every litigant to present his case openly, publicly and untrammeledly.

By mandating that this fair hearing be held, we are imposing upon the lower court those procedural requirements demanded by rudimentary due process.

450 Pa. at 460, 301 A.2d at 666 (citations omitted).

Accordingly, we conclude that Section 1008(4) of the MPC contemplates that each side have a reasonable opportunity to be heard before the judge decides whether, as a matter of law or fact, the appeal is frivolous and for the purpose of delay.[7]

The trial judge here has not yet determined whether the objectors had that opportunity. Therefore we remand initially for determination of whether the objectors' counsel failed to appear at the July 24 hearing through no fault of his own.

If the trial judge finds that the objectors' nonappearance was justified, the court should proceed to conduct a hearing on whether the appeal is frivolous. When considering that question, the court may receive

---

[7] This court agrees with the trial judge that most of the averments of reasons in the appellants' notice of appeal do not state grounds which would be sufficient, if proved, to warrant reversal of the decision of the Fayette County Zoning Hearing Board. However, at least paragraph 37 of the appellants' notice of appeal, averring that "[t]he rezoning is contrary to the purposes of the Municipal Planning Code, and the Fayette County Zoning Ordinance," suggests a legally sufficient claim that the zoning amendment lacks statutory authority.

into evidence the record of the zoning hearing board. By analogy to Section 1010 of the MPC, 53 P.S. 11010, where the zoning hearing board has already held a hearing, the court may consider the record of that hearing, as well as take additional evidence. However, unlike Section 1010, Section 1008(4) — by stating that "evidence may be presented" — affords an option to present additional noncumulative evidence which is legally relevant; hence the court cannot confine the reception of evidence solely to the record of the board.

Should the trial court again determine that bond must be set, it should also receive evidence as to the damages which delay could cause Anthony, as a basis for determining the amount of the bond.

We remand for proceedings consistent with this opinion.

### ORDER

NOW, April 17, 1986, the order of the Court of Common Pleas of Fayette County, dated October 31, 1984, at No. 553 of 1984, G. D., is vacated and remanded to the court of common pleas for proceedings consistent with this opinion.

Jurisdiction relinquished.