**In re Appeal of Andrew M. KUZMIAK from the Decision of The Board of Supervisors of Ephrata Township.**

**Appeal of Andrew M. Kuzmiak.**

Commonwealth Court of Pennsylvania.

Submitted Feb. 6, 2004.
Decided March 26, 2004.

Bernadette M. Hohenadel, Lancaster, for appellant.

BEFORE: COLINS, President Judge, SIMPSON, Judge, and JIULIANTE, Senior Judge.

OPINION BY Senior Judge JIULIANTE.

Andrew M. Kuzmiak (Kuzmiak) appeals from the July 30, 2003 order of the Court of Common Pleas of Lancaster County (trial court) that dismissed his land use appeal of a decision of the Board of Supervisors of Ephrata Township (Board) on the ground that Kuzmiak failed to file a bond in the amount of $50,000.00 as ordered by the trial court on June 26, 2003. We affirm.

On January 9, 2003, the Ephrata Area School District (School District) filed an application for a conditional use permit to develop approximately 79.11 acres of land within Ephrata Township as an elementary school. The Board held a hearing on the School District's application and, by decision dated March 18, 2003, granted the School District's application.

On April 18, 2003, Kuzmiak filed a land use appeal with the trial court, averring that the Board abused its discretion and committed errors of law in its decision granting the School District's application.[1] The School District intervened in Kuzmiak's appeal and, on May 21, 2003, filed a petition for bond pursuant to Section 1003–A(d) of the Pennsylvania Municipalities Planning Code (MPC).[2]

Accordingly, the trial court issued a rule to show cause against Kuzmiak and set a hearing for June 24, 2003. Although not listed on the Lancaster County Office of the Prothonotary's docket,[3] Kuzmiak made a motion for continuance of the hearing on June 16, 2003, contending that his expert engineer was not available on June 24, 2003 to testify at the hearing. The trial court denied Kuzmiak's motion and the hearing proceeded as scheduled.

At the hearing, the School District presented evidence that the uncertainty created by the appeal prevented it from finalizing its land use development plans and caused concerns about proceeding to construction without the necessary approvals required to guarantee reimbursement by the Pennsylvania Department of Education. Kuzmiak offered no evidence.

By order dated June 26, 2003, the trial court granted the School District's petition to post bond and ordered Kuzmiak to post a bond in the amount of $50,000.00. On July 28, 2003, the School District filed a motion to dismiss the land use appeal on the ground that Kuzmiak had failed to post the required bond. The trial granted the

1. In his appeal, Kuzmiak alleged that the School District failed to demonstrate that the traffic study adequately addressed concerns regarding the traffic generated by use of the proposed athletic fields, the student body and parents/patrons attending school functions.

2. Act of July 31, 1968, P.L. 805, *as amended*, added by Section 101 of the Act of December 21, 1988, 53 P.S. § 11003–A(d).

3. At the June 24, 2003 hearing, Kuzmiak's counsel referenced the motion for continuance which was made part of the record as Kuzmiak's Exhibit 7. Attached to the motion is a letter from Kuzmiak's expert witness, James Kochenour, where he indicates that he had a scheduling conflict the week of June 23, 2003.

School District's motion on July 30, 2003,[4] and this appeal followed.[5]

Section 1003–A(d) provides:

The filing of an appeal in court under this section shall not stay the action appealed from, but the appellants may petition the court having jurisdiction of land use appeals for a stay. If the appellants are persons who are seeking to prevent a use or development of the land of another, whether or not a stay is sought by them, the landowner whose use or development is in question may petition the court to order the appellants to post bond as a condition to proceeding with the appeal. After the petition for posting a bond is presented, the court shall hold a hearing to determine if the filing of the appeal is frivolous. At the hearing, evidence may be presented on the merits of the case. It shall be the burden of the landowners to prove the appeal is frivolous. After consideration of all evidence presented, if the court determines that the appeal is frivolous, it shall grant the petition for posting a bond. ... The question of the amount of the bond shall be within the sound discretion of the court. ... If an appeal is taken by a respondent to the petition for posting a bond from an order of the court dismissing a land use appeal for refusal to post a bond, such responding party, upon motion of petitioner and, after hearing in the court having jurisdiction of land use appeals, shall be liable for all reasonable costs, expenses and attorney fees incurred by petitioner.

53 P.S. § 11003–A(d).

On appeal, Kuzmiak contends that the trial court abused its discretion by denying his request for a continuance and refusing him the opportunity to present expert testimony on the merits of the appeal at the June 24, 2003 hearing. He further alleges that the trial court abused its discretion in determining that his land use appeal was frivolous and in ordering a $50,000.00 bond. Conversely, the School District maintains that Kuzmiak was afforded an opportunity to present evidence but failed to do so at the June 24, 2003 hearing and that the trial court's order setting the bond at $50,000.00 is supported by its evidence that the appeal would cost it approximately $691,000.00 if construction of the school was delayed by one year.

■ Pennsylvania Rule of Civil Procedure 216(A) sets forth the grounds for a continuance in a civil matter: (1) agreement of the parties or their counsel, if approved by the court; (2) illness of counsel of record, a material witness, or a party; (3) inability to subpoena or to take testimony by deposition, commission or letters rogatory;[6] or (4) such special

---

4. On July 14, 2003, Kuzmiak filed a "statement in lieu of brief" indicating that because he did not have the means to post a $50,000.00 bond, he opted to allow dismissal of the appeal for failure to post a bond so that he could appeal to this Court. (O.R. Item 11)

5. Our review of a trial court's determination of whether an appeal was frivolous and taken for the purposes of delay, and therefore whether the appellant may be required to post a bond, is limited to determining whether the trial court abused its discretion. *C.A.N.D.L.E. v. Board of Comm'rs of Fayette County,* 93 Pa.Cmwlth. 547, 502 A.2d 742 (1985).

6. Black's Law Dictionary defines "letters rogatory," or a "letter of request," as

[a] document issued by one court to a foreign court, requesting that the foreign court (1) take evidence from a specific person within the foreign jurisdiction or serve process on an individual or corporation within the foreign jurisdiction and (2) return the testimony or proof of service for use in a pending case.

Black's Law Dictionary 916 (7th Ed. 1999).

ground as may be allowed in the discretion of the court. In reviewing a trial court's ruling on a request for a continuance based on the absence of a witness, our Supreme Court stated that

> [w]hile it is the policy of the law that the parties to an action have the benefit of the personal attendance of [a] material [witness] whenever reasonably practicable, *it necessarily lies within the discretion of the trial court to determine, in light of all of the circumstances of each case, whether or not a cause before it should be continued on the ground of absence of a material [witness].* Such a continuance will be granted only where it is shown that their expected testimony is competent and material, and not merely cumulative or impeaching; that it is credible and would probably affect the result. . . .

*City of New Castle v. Uzamere,* 829 A.2d 763, 768 (Pa.Cmwlth.2003) (quoting *Carey v. Philadelphia Transp. Co.,* 428 Pa. 321, 324, 237 A.2d 233, 235 (1968) (emphasis deleted)). "The trial court may also require a party to show he exercised due diligence in attempting to secure the witness for trial." *City of New Castle,* 829 A.2d at 769.

Kuzmiak cites *Ross v. Fayette County Zoning Hearing Board,* 96 Pa.Cmwlth. 430, 507 A.2d 1281 (1986) in support of his position. In that case, objectors filed an appeal of a decision of the Fayette County Zoning Hearing Board that upheld the issuance of a zoning certificate allowing the construction of a helicopter pad and accessory building. The landowner filed a petition for bond as provided by former MPC Section 1008(4),[7] now Section 1003-A, and a court hearing was scheduled but counsel for objectors failed to appear. Conse-

quently, the court of common pleas ordered that objectors either post a bond in the amount of $25,000.00 within ten days or the appeal would be quashed. The court further noted that if counsel had a valid reason for his failure to appear, it would reconsider its order.

The objectors filed a motion to vacate the court's order and alleged that counsel had not received notice of the bond hearing. The court dismissed the objectors' motion and again ordered the objectors to file the $25,000.00 bond within ten days. The objectors did not post the bond and hence, their appeal was quashed. Additionally, the court noted that the objectors' appeal was frivolous and for the purposes of delay. Therefore, the court did not address counsel's alleged lack of notice of the bond hearing.

On appeal in *Ross,* we stated that the MPC contemplates that each side be given a reasonable opportunity to be heard before the court decides if, as a matter of law or fact, the appeal was frivolous or for purposes of delay. Because the court did not have an opportunity to make that determination in *Ross,* we remanded the matter so that it could consider whether counsel failed to appear through no fault of his own.

Kuzmiak further relies on *Appeal of Langmaid Homeowners Ass'n,* 65 Pa. Cmwlth. 1, 441 A.2d 507 (1982). In *Langmaid,* Bradford Township amended its zoning ordinance to allow for the establishment of nursing homes in R–10 zoning districts, which formerly did not permit such a use. Shortly thereafter, Health Care Facilities (HCF) obtained approval from the township for a proposed nursing home in the newly zoned district. The

---

**7.** Section 1008 of the MPC, formerly 53 P.S. § 11008, was repealed by the Act of Decem-

ber 21, 1988, P.L. 1329.

Langmaid Homeowners Association (Association) appealed to the zoning hearing board, alleging that the amendments to the zoning ordinance were not enacted pursuant to the MPC.

Hearings were held on the appeal and, while awaiting the zoning hearing board's decision, HCF filed a petition with the court of common pleas for an order requiring the Association to post a bond to protect HCF from delay damages caused by the appeal. After a hearing, the court ordered the Association to post a $350,000.00 bond; the Association, however, failed to comply with that order.

In *Langmaid*, the zoning hearing board rendered a decision upholding the validity of the zoning ordinance and HCF's application for zoning compliance for the construction of a nursing home was approved. The Association filed a timely appeal of the zoning hearing board's decision with the court of common pleas. While the appeal was pending, the township issued HCF building permits.

Thereafter, HCF and the township filed a motion to quash the Association's appeal on the ground that it had failed to post a bond as ordered by the court. After a hearing, the court granted the motion and dismissed the Association's appeal without determining whether it was frivolous.

The Association appealed to this Court, whereupon we concluded that the court of common pleas erred by denying the Association an opportunity to present evidence on the merits of the case under former Section 1008(4) of the MPC. Accordingly, we remanded the matter to the court of common pleas for a hearing to provide the Association with an opportunity to present evidence on the merits of the case.

■ Neither *Ross* nor *Langmaid* are applicable to the case *sub judice*. In the present matter, the trial court's order directing that Kuzmiak file a $50,000.00 bond was entered *after* a hearing, at which time Kuzmiak was given the opportunity to present evidence. While Kuzmiak claims that the trial court erred by not continuing the matter, the absence of his expert witness for reasons other than illness did not entitle Kuzmiak to a continuance under Pa. R.C.P. No. 216(A).

Moreover, Kuzmiak was not denied the opportunity to present evidence on the merits of his appeal. The School District entered into evidence the selected excerpts from a traffic impact study performed in connection with construction of the new school. (N.T. 6, Exhibit 1) By introducing into evidence the traffic impact statements, the School District met its burden of offering evidence to show that the appeal was frivolous. 53 P.S. § 1003–A(d). It then offered evidence, by means of testimony, of the damages it would suffer as a result of Kuzmiak's appeal. Additionally, the Board had transmitted to the trial court the entire traffic impact studies as part of its certified record.

At the close of the School District's evidence, Kuzmiak was offered an opportunity to present evidence, but declined to do so. (N.T. 60) Rather, it appears from his counsel's opening remarks that although Kuzmiak wished to offer evidence on the merits of the appeal, his expert witness was unavailable to testify. (N.T. 5–6) Yet, there is nothing of record indicating that Kuzmiak's expert witness was unavailable for deposition or was unable to provide the trial court with an affidavit.[8]

8. We note that the trial court scheduled the bond for June 24, 2003 on May 21, 2003. Kochenour's letter to counsel, which indicated that he was unavailable on the scheduled hearing date, was dated May 30, 2003. (Kuzmiak Exhibit 7) Counsel, however, did not present his motion for a continuance until June 16, 2003, more than two weeks after

Accordingly, we cannot conclude that the trial court abused its discretion inasmuch as Kuzmiak failed to demonstrate that he was entitled to a continuance under Pa. R.C.P. No. 216(A) and that he was not provided an opportunity to present evidence on the merits of his appeal.

In his second argument, Kuzmiak alleges that the trial court erred in determining that he was required to post a $50,000.00 bond in order to proceed. He maintains that the delay in constructing the new school is attributable to the School District's lack of the necessary approvals and permits, and not to the appeal.

Pursuant to Section 1003–A(d) of the MPC, the court must determine the amount of damages the landowner will suffer as a result of the delay caused by the protestors' appeal and set a bond accordingly. *Destefano v. Turtle Creek Zoning Board of Adjustment,* 35 Pa.Cmwlth. 643, 387 A.2d 940 (1978). The court must have a factual basis upon which to determine the amount of the bond that should be posted, if any. *Id.*

In *Devlin v. Zoning Hearing Board of the City of Easton,* 36 Pa.Cmwlth. 21, 387 A.2d 938 (1978), we recognized that a party may offer evidence of estimated damages due to a one-year delay occurring as a result of an appeal. In *Devlin,* the estimated costs of delay were based on the increasing costs of site development, the loss due to competition between developers to meet the community's need for housing, and the changing cycles of mortgage terms and interests rates.

Although the School District had yet to obtain all the necessary approvals and permits at the time of the bond hearing, the testimony was clear that the approvals were actively being sought and that construction was anticipated to begin in October 2003. (N.T. 23, 40, 46) But for the appeal, there was nothing that prevented the School District from moving forward with the project. (N.T. 46) The trial court accepted as true the School District's evidence, noting that the School District "presented compelling evidence of the need for the new elementary school, the probable increased costs due to delays and possible loss of subsidies." Trial Court Opinion at p. 2.

In arriving at the bond amount of $50,000.00, the trial court was presented with testimony that a one-year delay starting October 1, 2003 would increase construction costs $552,000.00. Additionally, because a delay would increase construction time by one month, an additional $32,740.00 was anticipated for construction costs. There were additional delay costs associated with planning and preconstruction services ($10,253.00), bidding delays ($22,245.00), additional construction management services ($24,400.00), and additional project-related costs ($72,000.00), for a net estimated delay cost of $691,000.00. Moreover, the trial court was presented with an additional estimate of costs for reopening a closed elementary school until the new school is completed. Kuzmiak, however, did not offer any evidence to refute the School District's estimates.

Based on the testimony of the School District's witnesses, the trial court had a factual basis upon which it could determine the appropriate bond to be posted. The trial court, exercising its discretion, determined that a $50,000.00 bond was appropriate. The amount of the bond represents less than 10% of the projected

Kochenour's letter. Kuzmiak thus could have filed his motion for a continuance before June 16, 2003, which was only eight days prior to the scheduled hearing, or he could have deposed Kochenour after learning of his unavailability.

delay costs. Given the high estimates for a delay in construction, we cannot conclude that a bond in an amount less than 10% of the projected delay costs is an abuse of discretion.[9]

For these reasons, the order of the trial court is hereby AFFIRMED.

### ORDER

AND NOW, this 26th day of March, 2004, it is hereby ordered that the July 30, 2003 order of the Court of Common Pleas of Lancaster County is AFFIRMED.

---

**9.** In determining whether an appeal is frivolous, the court must look at the merits of the appeal; it cannot determine whether an appeal is frivolous by weighing the merits against the injury that an appeal may cause to a landowner. *Collis v. Zoning Hearing Board of the City of Wilkes–Barre*, 77 Pa.Cmwlth. 4, 465 A.2d 53 (1983). In the present matter, the trial court noted that traffic studies submitted by the Board evidenced that a second access road to the school was requested for safety considerations and that it was incorporated into the School District's plans. The trial court further noted that a traffic light was to be placed at an intersection leading to the primary access road. Trial Court Opinion at p. 2. Thus, because Kuzmiak's appeal raised issues concerning the traffic surrounding the new school, the trial court had sufficient evidence upon which it could conclude that the appeal was without merit and, therefore, frivolous.