**D. KASUN ASSOCIATES, Appellant**

v.

**MANHEIM TOWNSHIP BOARD OF COMMISSIONERS.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 10, 2005.

Decided July 21, 2005.

D. Holbrook Duer, Lancaster, for appellant.

Margaret J. Concannon, Lancaster, for appellee.

BEFORE: COLINS, President Judge, FRIEDMAN, J., and McCLOSKEY, Senior Judge.

OPINION BY President Judge COLINS.

D. Kasun Associates appeals the order of the Court of Common Pleas of Lancaster County that dismissed its land use appeal for failure to comply with its order directing appellant to post a bond.

In May 2004, Kasun Associates filed with the trial court an appeal of the April 12, 2004 decision of the Manheim Township Board of Commissioners to approve an application for conditional use to permit an adaptive reuse project and modifications to the adaptive reuse design standards under the Manheim Township Zoning Ordinance. The conditional use application was filed by DR Development, LLP, equitable owner of the Stehli Silk Mill property at 701 Martha Avenue, Lancaster.[1] As owner of an adjoining property at 731 Martha Avenue, Kasun Associates was granted intervenor status before the Commissioners.

On September 29, 2004, DR Development filed a petition pursuant to Section 1003–A of the Pennsylvania Municipalities Planning Code (MPC)[2] to require Kasun

---

1. DR Development proposed to develop an adaptive reuse project at the Stehli Silk Mill site, which is located in an I–1 Industrial zoning district. The project would convert warehouses into a combination of commercial offices, restaurants, and retail, residential, industrial, and warehousing uses.

2. Act of July 31, 1968, P.L. 805, *as amended*, 53 P.S. § 11003–A, added by Section 101 of the Act of December 21, 1988, P.L. 1329.

Associates to post a bond as a condition of proceeding with its appeal. After a hearing, the trial court directed Kasun Associates to post a bond in the amount of $300,000 within 10 days of its December 17, 2004 order. On January 11, 2005, the trial court granted DR Development's motion to dismiss for failure to post bond. This appeal followed.

The trial court ordered the payment of the bond based on its conclusion that Kasun Associates' appeal was frivolous and the potential losses that DR Development would incur if the appeal proceeded. The trial court explained that Kasun Associates' appeal was based on its assertion that the Commission abused its discretion and erred by failing to consider the impact that the proposed use would have on neighboring property; that Kasun Associates had the burden of proving that the impact on the community would be greater than normally expected from the proposed use; and that Kasun Associates failed to meet that burden. It concluded that the Commission properly based its decision to grant the conditional use approval on DR Development's showing that the proposed use met the ordinance's standards for the conditional use. The court noted that Kasun's concerns with respect to public water and sewer capacity were premature.

Kasun Associates argues on appeal that the trial court's determination that its appeal was frivolous and that its imposition of a bond in the amount of $300,000 constituted an abuse of discretion. More specifically, it asserts that DR Development failed to meet its burden at the bond hearing and that the amount of the bond was excessive. Our review of a trial court's determination that a land use appeal is frivolous and whether the appellant may be required to post a bond is limited to determination whether the trial court abused its discretion. *In re Kuzmiak*, 845

A.2d 961, 963 n. 5 (Pa.Cmwlth.2004). In determining whether an appeal is frivolous, the trial court must look at the merits of the appeal; it cannot determine whether an appeal is frivolous by weighing the merits against the injury that an appeal may cause to the landowner. *Id.* at 967 n. 9.

Section 1003–A(d) of the MPC, which pertains to land use appeals to the courts of common pleas, provides in pertinent part,

> If the appellants are persons who are seeking to prevent a use or development of the land of another, whether or not a stay is sought by them, the landowner whose use or development is in question may petition the court to order the appellants to post bond as a condition to proceeding with the appeal. After the petition for posting a bond is presented, the court shall hold a hearing to determine if filing of the appeal is frivolous. At the hearing, evidence may be presented on the merits of the case. It shall be the burden of the landowners to prove the appeal is frivolous. After consideration of all evidence presented, if the court determines that the appeal is frivolous, it shall grant the petition for posting a bond.... The question of the amount of the bond shall be within the sound discretion of the court.

53 P.S. § 11003–A(d).

In support of the petition to require the posting of the bond, DR Development partner Robert Ramsay testified that the neighboring properties on three streets bordering the Stehli Mill are residential, that DR sought conditional use approval for a mixed use rehab development, which would be developed in phases. He testified as to the effect delay caused by the present appeal would have on the project. DR Development partner Stephen Mitrani testified that following the conditional use approval, the developer was in a position

to begin with the land development planning and permit process for one or more phases of the development. He testified that the developer is prepared to revise its plan to remove any encroachment on the Kasun Associates property and the mutual easements.

Sean Molchany, Manheim Township's director of planning and zoning, testified that aspects of DR Development's plan for the Stehli Mill that do not comply with the Township's zoning, land development, storm water, and other ordinances are not addressed as part of the conditional use approval process, but rather must be addressed by the developer in subsequent phases of the development. He further testified that the conditional use approval granted to DR Development was contingent on the developer providing proof of an agreement with Kasun Associates with respect to the development's encroachment on the adjacent property and the easements. He explained that the conditional use approval of the Stehli Mill project was based on a conceptual drawing or plan, and that approval of any revisions would be determined during the land development approval process.

Lee Kasun testified in opposition to the bond motion. As the owner of a 93,000 square foot warehouse on the property adjacent to the DR Development project, he testified that he rents his warehouse space to Firestone Building Products for approximately $300,000 per year for industrial use, that the lease permits Firestone to terminate if a non-industrial use moves into the adjacent property. He indicated on a site map that Firestone stores flammable adhesive in an outbuilding on his property, and that tractor trailers access loading docks on two sides of his warehouse, loading and unloading supplies. He testified that if the Stehli Mill project is developed according to the site plan submitted at the conditional use hearing, the development would encroach on his property and would interfere with an easement that permits his tenant's tractor trailers to access a parking lot his property shares with the adjacent property.

■ Given the hearing testimony, the trial court did not err or abuse its discretion in ordering the appeal bond. Section 2059.3 of the Township Zoning Code, entitled Adaptive Reuse, Permitted Uses, states that any historic building that is put to an adaptive reuse must contain a combination of residential and nonresidential uses, and among the limited permitted uses are apartment dwellings, restaurants, retail sales and retail services, and all other uses permitted in the underlying zoning district. Pursuant to Section 2059.6, an applicant for conditional use approval for an adaptive reuse must submit a conceptual site plan with its application. Pursuant to Section 2059.7, entitled Consideration of application for conditional use approval, "the applicant shall demonstrate that the adaptive reuse proposal meets all of the applicable requirements of this Section 2059."

The requirements of Section 2059 primarily relate to the historic features and character of the existing buildings; access; minimum lot area, yard dimensions, and open area; buffering/screening/landscaping; off-street parking; and the availability of public water and sewer. Section 2059.8 requires development of the property in accordance with the site plan, but provides for revision as necessary to accommodate fully engineered public water and sewer, flood plain, storm water management, and street and driveway requirements and revisions as required by the land development process.

■ The trial court appropriately considered the law governing application for conditional uses, to which the applicant is

entitled once the applicable standards are met, unless the evidence establishes an adverse effect on the community, based on the standards in the ordinance. Once the applicant for conditional use establishes that its proposed use meets the ordinance's objective criteria, it is presumed that the proposed use is consistent with the general welfare of the community, and the burden shifts to the objector to rebut the presumption with proof of a high probability that the proposed use will adversely affect the welfare of the community in a way not normally expected from the type of use. *H.E. Rohrer, Inc. v. Zoning Hearing Board of Jackson Township*, 808 A.2d 1014 (Pa.Cmwlth.2002). The trial court further considered the basis for the land use appeal (i.e., the Supervisors' failure to consider the suitability of the property for the proposed use, the adverse effect of the development on traffic congestion, and the adverse effect of the development on the adjacent Kasun Associates property) and concluded that the appeal was frivolous in that the ordinance represents a legislative determination that the proposed uses were appropriate and that the conditional use approval was contingent upon an agreement between DR Development and Kasun with respect to the encroachments, and contingent on DR Development obtaining the necessary permits and completion of the land development approval process. The trial court did not abuse its discretion in requiring Kasun Associates to file an appeal bond.

■ Pursuant to Section 1003–A(d) of the MPC, the trial court must determine the amount of damages the landowner will suffer as a result of the delay caused by the objector's land use appeal. 53 P.S. § 11003–A(d); *In re Kuzmiak.* The trial court must have a factual basis for its determination of the amount of the bond. *Id.* Kasun Associates argues that the trial court abused its discretion in setting the amount of the bond at $300,000 because, it avers, the amount has no basis in the evidence of damages presented at the bond hearing, which consisted of cost estimates prepared years before the plan was submitted for conditional use approval. We disagree. Although no evidence specifically demonstrates that DR Development's losses would total $300,000, the testimony and the development agreement submitted into evidence demonstrate the projected increases in cost estimates from the time the agreement was signed. Given testimony that cost estimates for the project increase yearly by 10 to 20 percent, even using the lower value of 10 percent, the evidence demonstrated that the total development cost of the project increased by approximately $1,000,000 since the date the conditional use was approved. The bond amount of $300,000 therefore did not constitute an abuse of discretion.

Accordingly, the order of the Court of Common Pleas is affirmed.

### ORDER

AND NOW, this 21st day of July 2005, the order of the Court of Common Pleas of Lancaster County in the above-captioned matter is affirmed.